Nott, J.
delivered the opinion of the Court.
The motion in arrest of judgment is based upon two grounds.’
1st. That the act of Assembly of 1796, 2 Faust, 83, which renders a magistrate liable to be removed from office by the Governor, upon his conviction of a misdemeanor in a Court of Sessions, is unconstitutional; and, therefore, an affidavit made for that purpose, although false, does not constitute the offence of perjury. It is contended, that by the Constitution, all civil officers are to be removed from office by impeachment, and that as a magistrate is a civil officer, he cannot be removed in any other manner. But the removal from office is only intended as a part of the punishment for the misdemeanor; and even though that method of punishment may be unconstitutional, the conviction may be good. And it does not appear to me that there can be any reasonable doubt, but that a magistrate may be indicted formal-practice in office. But even if that should be considered as doubtful, I cannot perceive that it would affect the question. An affidavit, charging, a public officer with a misdemeanor, and with a view of founding a prosecution upon it, must be taken to mean a prosecution in such a mode as the laws and constitution of the State will authorize. If, therefore, it may be made the foundation of a public prosecution, and be intended for that purpose, I think it will be perjury, if wilfully and knowingly false.
Neither do I think it material that the prosecution was not proceeded in: For it might be discontinued on the ground that the charge was known to be false. Another ground relied on is, that the professed object in this case was to obtain a rule against the magistrate, to shew cause why an indictment should hot be preferred against him, and not for the purpose of procuring him to be indicted. And it is contended, that a rule to shew cause in such a case, is irregular and unauthorized by law, and, therefore, such an affidavit cannot be perjury. This ground, I think, susceptible of the same answer as the first. I am not satisfied that the method of proceeding by rule in the first instance, is not both regular and proper. But even if it is not, it cannot affect the present question. The affidavit was intended as the foundation of a prosecution, and the course of proceeding by which that was to be brought about, was quite unimportant to the decision.
2'd. The sepond ground is, that there is no charge of corruption made against the magistrate, and, therefore, the accusation is not *55 such as would subject him either to an indictment or an impeachment. But in that respect, I think the allegation is sufficiently explicit. The charge is, that the magistrate informed him he should not require any other testimony to be adduced, as his own oath would be sufficient, and by that means drew him into the trial, and then refused to let him be sworn. Now although the affidavit does not, in so many words, charge the defendant with being guilty of corruption, the facts are such as, if true, will admit of no other conclusion. It appears to me, therefore, that in a legal point of view, all the necessary ingredients of the offence have been furnished.
It only remains, under the motion for a new trial, to inquire whether the facts have been .sufficiently established. To that end, it was necessary to shew that the oath taken by the defendant was false, and that he knew at the time that he made it, that it was so.. The two allegations on which the perjury is assigned, are, 1st. That the defendant swore he was unprepared for trial for the want of a witness, and requested a postponement of the cause until he could procure his attendance ; but that the magistrate told him that the testimony of his witness would not be required, as his own oath would be sufficient; upon which, he consented to go to trial. 2d. That the magistrate afterwards refused to let him be sworn. This last, I think, has been sufficiently explained to shew that no wilful falsehood was intended. The magistrate did offer to accept the oath of the defendant, but not to the extent to which he desired. So that the whole amount of the charge, probably is, that the defendant was mistaken. The other, however, is a question of more difficulty. The magistrate himself, and the party to the cause, have both sworn positively, that the defendant did not ask for a postponement of the cause, but that he said he was ready for trial. Two other witnesses present, were also imder the same impression. If,therefore, we are to take the testimony of the witnesses, literally, as reported to us by the presiding Judge, there would appear to be a great preponderance against the defendant. But when we look through all the circumstances of the case, it is impossible not to suspect that there must be some mistake in the matter. At the first time appointed for the trial of the cause, the defendant moved for and obtained the postponement of the trial, for the attendance of Mr. Walker, who, he said, was a material witness *56 in his behalf. At the second meeting, Walker did not attend, The defendant, therefore, was as unprepared as he had been in the first instance. It is difficult then to believe that he could have said he was ready for trial, unless he had been led to expect that his own oath would have been conclusive against that of the plaintiff. Ancfthat opinion is strengthened by the fact, that the magistrate did offer to take his oath, but qualified in such a manner, as to deprive him of all the benefit which he expected to derive from it. The materiality of Walker’s testimony was proved by himself on this trial, and went fully to' establish the defence set up by the defendant. It went also to establish another fact, that the plaintiff, before the magistrate, obtained an unjust decree on his own oath, and that the oath of the defendant, which was rejected, was true. The defendant may not have moved formally for a postponement of the trial of his cause before the magistrate : But I think it most apparent, that he went to trial under an impression that the result was to depend upon his own oath, and under that belief, said he was ready for trial. He could not otherwise have said he was ready for trial, when Ms most material witness was absent. He may, by mistake, have sworn to a fact which is not literally true, (of which, however, I doubt much) but I cannot think that he has been guilty of wilful and corrupt perjury. It is, at least, a case which deserves the consideration of another jury, and a new trial must, therefore, be granted.
New trial granted.