13536

TAYLOR v. SUMTER COUNTY

(167 S. E., 1)

*Mr. L. D. Jennings,* for appellant,

*Mr. L. E. Purdy,* for respondent,

December 9, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for damages for personal injuries alleged to have been received by the plaintiff while a convict on the chaingang of Sumter County. The testimony, undisputed, tended to establish the following facts: At the time of his injury, in November, 1930, the plaintiff was riding on a county-owned truck, which was on its way to get and bring to camp convicts who were engaged in repairing a bridge on a public highway a few miles south of the city of Sumter. During that day, this truck had been used to

haul the convicts out to the bridge upon which they were working and to haul to the same place timbers used in the repair work. The driver, one Don Geddings, was an employee of the defendant. The truck, at the time of the injury, was being driven through the city of Sumter; and just as it reached the corner of Harvin and Bee Streets, going at a speed of about fifteen or twenty miles an hour, another truck came out of Bee Street to the right. Thereupon, the driver of defendant's truck turned it so quickly and abruptly to the left (evidently to avoid collision with the other truck) that plaintiff was thrown from it against a post, and one of his hands was so badly mashed and mutilated that it was found necessary to amputate it. At the close of the testimony a motion was made by the defendant for a nonsuit, which the Court granted upon the ground that the evidence was insufficient to sustain the cause of action under the statute. The plaintiff appeals.

Section 5856 of the Code of 1932, under which this suit was brought, provides: "Any person who shall receive bodily injury or damage in his person or property through a defect or in the negligent repair of a highway, causeway, or bridge, or of any ferry operated by the county, may recover in an action against the county the amount of actual damage sustained by him by reason thereof.  *  *  *"

The appellant contends that the words of the statute, "in the negligent repair of a highway," include any injury or damage sustained on account of negligence in the making of repairs, and cites a number of decisions of this Court in support of his position. Some of these cases, however, had to do with the construction of statutes placing liability upon the State Highway Department (Section 5887 of the Code) and upon cities (Section 7345).

Section 5887 provides: "Any person, firm or corporation who may suffer injury to his or her person or damage to his, her or its property by reason of a defect in any State highway, or by reason of the negligent repair of any State

highway, or by reason of the negligent operation of any vehicle or motor vehicle in charge of the State Highway Department while said vehicle or motor vehicle is actually engaged in the construction or repair of any of the said highways, may bring suit against the State Highway Department. * * *''

Section 7345 reads as follows: "Any person who shall receive bodily injury, or damages in his person or property, through a defect in any street, causeway, bridge or public way, or by reason of defect or mismanagement of anything under control of the corporation within the limits of any town or city, may recover, in an action against the same, the amount of actual damages sustained by him by reason thereof. * * *''

In one or more of the cases cited by appellant, the ▮ plaintiff relied for recovery on the provision of Section 5887, making the State Highway Department liable "by reason of the negligent operation of any vehicle or motor vehicle in charge of the State Highway Department while said vehicle or motor vehicle is actually engaged in the construction or repair of any of the said highways." See *Robinson v. State Highway Department,* 159 S. C., 405, 157 S. E., 136. The county liability statute (Section 5856) contains no such provision, and hence these cited cases are not in point. Similarly, the city liability statute (Section 7345), in providing for recovery by one who has suffered bodily injury or damage to his property "by reason of defect or mismanagement of anything under control of the corporation within the limits of any town or city," is, to that extent, broader than the county liability statute, and so cases in which the decision turns upon this language would be inapplicable to the present case. The county liability statute provides for recovery by one who has received bodily injury or damage to his property "through a defect or in the negligent repair of a highway," etc., and unless the injury suffered is due to one of these

causes there can be no recovery. Appellant cites *Moss v. Aiken County,* 114 S. C., 147, 103 S. E., 520, which was decided under the county liability statute, in support of his contentions. That case, however, is not controlling here, since the facts are materially different. In the *Moss case* the injury for which the plaintiff was allowed to prosecute his action was assumed, for the purposes of demurrer, to have been caused by the negligent operation of a truck, owned by Aiken County, and driven by one of its employees on a county highway; the theory upon which the cause of action was sustained being that the operation of the county's truck under the named circumstances constituted a "defect" in the county highway. In the case at bar the truck was being driven on the Sumter city streets and its negligent operation could not constitute a "defect" in any county highway. To give to the statute the extremely liberal construction contended for by the appellant would be directly contrary to the established and accepted rule that in an action against a political subdivision of a state, the statute permitting the suit to be brought must be strictly construed. See *U. S. Casualty Company. v. State Highway Department,* 155 S. C.. 77, 151 S. E., 887. We are of opinion that the nonsuit was properly granted.

The order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES CARTER and BONHAM concur.