18069

Johnny COCHRAN, JR., Respondent, v. The CITY OF SUMTER, Wilson R. Strange, and One Automobile driven by the Defendant Strange as hereinbefore set forth, of whom the City of Sumter is, Appellant.

(131 S. E. (2d) 153)

*C. M. Edmunds, Esq.,* of Sumter, *for Appellant,* 

*Edward V. Atkinson, Esq.,* of Sumter, *for Respondent,*

May 15, 1963.

TAYLOR, Chief Justice.

This appeal is from an Order of the Honorable Clarence E. Singletary overruling defendant's demurrer to plaintiff's complaint.

The Complaint alleges that plaintiff was injured when an automobile driven by defendant Strange, a Captain on the City of Sumter Police Force, struck a ladder on which plaintiff was standing, causing plaintiff to fall heavily to the ground, resulting in his injury.

Defendant's demurrer alleges the complaint does not state facts sufficient to constitute a cause of action against the City of Sumter for the reason that in said complaint plaintiff admits that he failed to file a verified claim or a summons and complaint within 90 days from the date of the accident as required by Statute.

Section 47-71, Code of Laws of South Carolina, 1962, provides in part:

"* * * Before any action shall be brought hereunder, a claim duly certified shall be filed with such municipal corporation within three months after the date of such injury or damage or action commenced within such time on a verified Complaint. If such verified claim be filed within the time herein fixed an action shall be commenced within one year from the date of filing thereof or such cause of action shall thereafter be barred."

Paragraph 8 of the complaint admits that no verified claim for damages was filed within 90 days. The reason given for such failure being that the injuries received by plaintiff required medical treatment long in excess of the 90 day period, consequently no verified statement of damages could be filed until immediately prior to the bringing of this action.

A municipality is a political subdivision of the State for Governmental purposes and partakes of the State's immunity from suit in tort except as expressly permitted by statute. *Hill et al. v. City of Greenville,* 223 S. C. 392, 76 S. E. (2d) 294, 295.

In *United States Casualty Co. v. State Highway Department of South Carolina,* 155 S. C. 77, 151 S. E. 887, we find the following: " 'The consent of the state to be sued is entirely voluntary on its part, and it may therefore prescribe the cases in which and the terms and conditions upon which it may be sued, and how the suit shall be conducted; and the state can be sued only in the cases, manner, place, and courts prescribed by it, and one who seeks to avail himself of such consent must pursue the remedy as it is provided

by law, and must fully comply with the prescribed terms and conditions, and it is the duty of the courts to see that the prescribed methods of procedure are followed.' * * * 36 Cyc. 913.

" 'That a state cannot be sued in any of its courts without its express consent, which can only be given by the legislative authority, is a proposition so universally conceded as to render any argument or authority to support it wholly unnecessary.' * * * *Lowery v. Thompson,* 25 S. C. 416, 1 S. E. 141, 143."

Statutes permitting suit against a political subdivision of the State being in derogation of its sovereignty must be strictly construed. *United States Casualty Co. v. State Highway Department of South Carolina,* 155 S. C. 77, 141 S. E. 887; *Reeves v. City of Easley,* 167 S. C. 231, 166 S. E. 126; *Taylor v. Sumter County,* 168 S. C. 126, 167 S. E. 1. However, "* * * the rule of strict construction comes into play only when the language, after analysis and subjection to the ordinary rules of interpretation, presents ambiguity, where the language of the statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation * * *." 50 Am. Jur., Section 389, page 408.

The lower Court in reaching its decision strongly relied upon *Rushton v. South Carolina State Highway Department,* 207 S. C. 112, 34 S. E. (2d) 484, in which filing of a verified claim within 180 days was required by the Statute. No claim was filed but a verified complaint was served within the time limit. Defendant's demurrer on the grounds that no claim was filed within the statutory period was sustained by the lower Court. The Supreme Court reversed that decision and overruled the demurrer in light of the amended Statute which provided that it would be unnecessary to file a verified claim when a verified complaint was served within the statutory time limit of 180. days. See also *United*

*States Casualty Co. v. State Highway Department of South Carolina,* 155 S. C. 77, 151 S. E. 887.

■■ The filing of a verified claim within 90 days is required by the Statute as a prerequisite to commencement of suit if said action is not filed within the 90 day period. The object of requiring the filing of a claim within a short period is to put the Municipal Corporation on notice in order that it may conduct such investigation as it deems necessary when the facts are fresh and the evidence may be preserved. *Rushton v. South Carolina State Highway Department,* 207 S. C. 112, 34 S. E. (2d) 484. This reasoning is of less import in instant case as the alleged injury was caused by the defendant Strange, who was a Captain on the police force of the defendant City and charged with the duty of investigating and reporting the facts to the City. However, "It has been held that actual knowledge by the governing body of a municipality or its officials of the injury or of the facts required to be stated in the notice does not waive, preclude, or estop the govermental agency from asserting as a defense failure to give the notice required by law, or excuse the injured person's failure in that regard." 65 A. L. R. (2d) 1297. One seeking to avail himself of the consent of the State or a political subdivision thereof to be sued must fully comply with the prescribed terms and conditions of the Statute, and the filing of a claim as required by the Act is an essential prerequisite to a right of action. *Ancrum v. State Highway Department,* 162 S. C. 504, 61 S. E. 98; *Owens v. State Highway Department,* 165 S. C. 180, 163 S. E. 473.

■ Plaintiff, through counsel, notified the City Manager of defendant City of his claim by letter within approximately 27 days of the injury and, thereafter, the City Manager was advised at intervals of plaintiff's progress. Such notification, however, was not verified and, therefore, did not meet the requirements of the Statute.

The general rule is that "Where the staute or charter requires verification, failure to comply with such require-

ment will invalidate the notice or statement * * * even though no prejudice to the municipality results from the omission. * * * If a particular method of verification is prescribed, it must be pursued; if not, the usual method in the state is sufficient." 63 C. J. S., Municipal Corporations, § 925, page 366.

"* * * if verification is required, the notice or claim must be verified to be effective, for such a requirement is held to be a matter of substance and not of mere form. If a particular method of verification is prescribed it must be followed; if not, the usual method employed in the jurisdiction is sufficient. * * *" 38 Am. Jur., Municipal Corporations, Section 691, page 395.

For the foregoing reasons, we are of opinion that the Order appealed from should be reversed and the demurrer deemed to be sufficient as to the defendant City; and it is so ordered.

Moss, Lewis, Bussey and Brailsford, JJ., concur.