18346

Willie D. CLEMENTS, Respondent, v. GREENVILLE COUNTY and State Workmen's Compensation Fund, Appellants

(142 S. E. (2d) 212)

*Messrs. Daniel R. McLeod, Attorney General* and *David Aiken, Assistant Attorney General,* of Columbia, and *Francis R. Fant,* of Anderson, *for Appellants,*

*Messrs. Pyle & Pyle* and *J. Wiley Brown,* of Greenville, *for Respondent,*

May 12, 1965.

Lewis, Justice.

This appeal involves a claim for benefits under the South Carolina Workmen's Compensation Act. The claimant, Willie D. Clements, was employed as superintendent of one of the prison camps operated by the defendant Greenville County and, admittedly, sustained injuries in an automobile accident on May 23, 1961, which arose out of and in the course of his employment. However, the defendants, the employer and carrier, denied liability for claimant's injuries upon the grounds that (1) no permanent disability resulted therefrom; and (2) the claim was not filed within the time required by Section 72-303 of the 1962 Code of Laws, the pertinent portion of which is as follows: "The right to compensation under this Title shall be forever barred unless a claim is filed with the Commission within one year after the accident * * *." The claimant conceded that his claim was not filed within one year after the accident, but sought to avoid the bar of the statute of limitations upon the ground that the defendants were estopped under the circumstances to interpose the statute as a defense. The Industrial Commission, without considering the merits of the claim for compensation, rejected claimant's plea of estoppel and held that any right to compensation was barred by the failure to file the claim within one year after the accident. Upon appeal to the circuit court, the decision of the Commission was reversed and the case remanded to the Commission for a full inquiry and determination of the claim upon its merits. The defendants have appealed from the foregoing order of the circuit court.

The issues here, as before the circuit court, involve a review of the factual findings of the Industrial Commission relative to claimant's plea of estoppel. Under settled principles, such findings are binding on both this and the circuit court on appeal if there is any competent evidence to support them. *Skipper v. Marlowe Mfg. Co.,*

242 S. C. 486, 131 S. E. (2d) 524. Therefore, the decision of the Commission must be sustained and the circuit court reversed, unless the only reasonable inference to be drawn from the evidence is that the defendants were estopped to assert the statute of limitation as a defense. If such is the only reasonable inference to be drawn, then the circuit court properly reversed the decision of the Commission and remanded the case for consideration upon the merits.

There is no dispute as to the applicable legal principles. The rule is now firmly established that Section 72-303 is a statute of limitation and that compliance with its provisions may be waived by the employer or its insurance carrier or they may become estopped by their conduct from asserting the statute as a defense. The claim here is that the employer and carrier were estopped under the circumstances from asserting as a defense the failure of the claimant to timely file his claim. We have held that estoppel in such cases will arise from conduct on the part of the employer or carrier from which it may be reasonably inferred that the claimant was misled or deceived, whether intentionally or not, to believe that the claim is compensable and will be taken care of without its being filed with the Commission within the period limited. *Young v. Sonoco Products Co.,* 210 S. C. 146, 41 S. E. (2d) 860; *Poole v. E. I. DuPont De Nemours & Co.,* 227 S. C. 232, 87 S. E. (2d) 640; *Skipper v. Marlowe Mfg. Co., supra,* 242 S. C. 486, 131 S. E. (2d) 524.

The material facts are not in dispute. The claimant had been in the employ of Greenville County for approximately sixteen years and was working under the County Supervisor at the time of his injury. He was 62 years of age and attended school through the seventh grade. The injuries sustained by the claimant consisted of two broken ribs, a blow to the head, and a swollen ankle—the latter preventing him from wearing a shoe for six or eight months and necessitating the use of crutches or a walking stick to get about. The county supervisor learned of the

accident shortly after it happened, visited claimant at his home, and saw that he was in "a very bad condition." He visited him again several days later and offered to "help him in any way in sending a hospital bed or a wheel chair or anything to help take care of him."

The claimant was away from his job approximately six weeks after the accident and then returned to work before he was able to perform his normal duties. The claimant was never dropped from the payroll of the County and was continuing to receive his regular wages at the time of the hearing before the Industrial Commission. The conditions and circumstances under which he returned to work are best described in the following testimony of the County Supervisor: "At the time he came back to work he should not have been at work. In fact, he was very aggressive, he was very active before the accident and he was the type of person that would go when actually he wasn't able to go. And I know that he would come back to Camp and the only thing he would do was lay in bed but he did try to take care of his job. And I told him if it would make him feel any better I would send a pickup to get him if he could ride any and I would bring him over to Camp and just let him sit or lay down or whatever he wanted to do, to get him away from home a little bit. He came back to work, he was still on the payroll—when I say he came back to work, he came back to the Camp, he actually wasn't able to perform his job. He remained on the payroll throughout his injury and accident and gradually—I guess it was four or five months before he was able to do his job I'd say in a fifty percent capacity. Now, that is my—that is appraising him on what he was able to do before the accident and what he was able to do four or five months after the accident. And knowing what we expect of our superintendents and what they are expected to do in a job that they are expected to perform, I'd say he wasn't able to operate in a fifty percent capacity for a good four or five months after the accident and still not able to, frankly."

Relative to the filing of a claim, the supervisor stated: "I was under the impression that everyone knew if they were hurt in an accident that—especially all of my employees, a legitimate accident—a claim against the County that their medical bills and any compensation will be taken care of if it was so warranted."

The medical bills incurred for May and June, 1961, in the amount of $83.23, were paid by the carrier, but the remaining doctor's bills were paid by the claimant. With reference to the payment of a portion of the medical bills by the claimant, the county supervisor testified that he knew the original medical bill had been paid by the county or the carrier and thought that there would be further claims as time went on. As to the subsequent bills, he stated: "If I had known that Mr. Clements was paying the doctor out of his pocket or any other medical—medicine or what not, due to this accident, I would have certainly asked him to have the doctor file claim with my office and so forth and that would have taken care of it."

While there is other testimony in the record to the effect that claimant thought a claim had been filed in his behalf by a representative of the carrier, review of it is unnecessary. For, under the foregoing uncontroverted testimony of the county supervisor, we think that the only reasonable inference to be drawn is that the claimant was led to believe that his injury was compensable and that his claim would be taken care of by his employer. Under such circumstances, the defendants were estopped to assert the one year statute of limitation as a defense, and the circuit court properly remanded the case to the Industrial Commission for a determination of the claim upon its merits.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.