22378

William Paul DAVIS, Respondent, v. Caffie Diane LUNCEFORD, as
Executrix of the Estate of Emmett M. Lunceford, Jr., M.D., Appellant.

(335 S. E. (2d) 798)

Supreme Court

*Charles E. Carpenter, Jr.,* and *Donald V. Richardson, III,*
of *Richardson, Plowden, Grier & Howers,* Columbia, *for
appellant.*

*Francis T. Draine,* of *Draine, McLaren & Lee,* Columbia,
*for respondent.*

Submitted Aug. 21, 1985.

Decided Oct. 1, 1985.

*Per Curiam:*

This is the third appeal in this medical malpractice action
that arose from an allegedly defective surgical procedure
performed in December 1972. *See Davis v. Lunceford,* 274

S. C. 576, 266 S. E. (2d) 73 (1980); *Davis v. Lunceford,* 279 S. C. 503, 309 S. E. (2d) 791 (S. C. App. 1983), *cert. denied,* Order filed May 17, 1984. Because of the need for final resolution in this case, we have allowed this direct appeal from the lower court's order denying appellant's motion for summary judgment. *Cf. Mitchell v. Mitchell,* 276 S. C. 44, 275 S. E. (2d) 1 (1981).

In December 1983, the Court of Appeals affirmed the trial court's order dismissing this action but modified it to dismissal without prejudice. In June 1984, respondent served a summons and complaint re-alleging the same causes of action. Appellant moved for summary judgment on the ground that the statute of limitations had already expired. The trial court denied the motion finding respondent had timely renewed his cause of action pursuant to S. C. Code Ann. § 15-3-90 (1976) which allows a plaintiff to commence a new action within one year after a judgment is reversed on appeal.

Section 15-3-90 is not applicable in this case because no judgment was reversed on appeal. When an action is dismissed without prejudice, the statute of limitations will bar another suit if the statute has run in the interim. *Don Shevey & Spires, Inc., v. American Motors Realty Corp.,* 279 S. C. 58, 301 S. E. (2d) 757 (1983); *Martin v. Archer,* 21 S. C. L. (3 Hill) 211 (1837). The applicable statute of limitations in this case is six years. S. C. Code Ann. § 15-3-530 (1976). Even assuming the statute would have expired in 1982 as calculated by respondent, service of the summons and complaint in 1984 was clearly out of time.

Accordingly, the judgment of the lower court is reversed and the case is remanded for entry of judgment for appellant.

Reversed and remanded.