1608

April Granger SEARCY, Appellant v. SOUTH CAROLINA DEPART-
MENT OF EDUCATION, TRANSPORTATION DIVISION, Re-
spondent.

(402 S.E. (2d) 486)

Court of Appeals

*Hal J. Warlick*, Easley, *for appellant.*

*Cary C. Doyle* and *Raymond A. Tate, Jr.*, Anderson, *for re-
spondent.*

Heard Jan. 15, 1991.

Decided Feb. 11, 1991.

GOOLSBY, Judge:

This action by April Granger Searcy involves the South
Carolina Tort Claims Act. S.C. CODE ANN. §§ 15-78-10 to
-190 (Supp. 1990). The trial court, based on S.C. Code Ann.

Section 15-78-110 (Supp. 1986),[1] granted the Transportation Division of the South Carolina Department of Education summary judgment because Searcy failed to commence this action within two years after the date she discovered her loss. In holding her action time-barred, the trial court rejected Searcy's contention that she had three years from the date of loss within which to bring this action because she had filed a claim pursuant to the Tort Claims Act and Searcy's contention that the two-year statute of limitations was tolled during the time she was "within the age of eighteen years." Searcy appeals. We affirm.

As a fifteen-year-old, Searcy allegedly suffered injury as a result of a school bus accident on November 20, 1986. Several days later, on or about November 25, 1986, Searcy filed a pupil accident claim with the Department's insurance carrier, a copy of which the Department also received, and she submitted a school bus accident report to the Department for the purpose of claiming no-fault insurance benefits.[2] Searcy commenced this action on May 12, 1989, after reaching her eighteenth birthday.

## I.

Searcy first argues her action is timely because, as required by S.C. Code Ann. Section 15-78-110, she commenced this action within three years of the date she discovered her loss after first having filed a claim with the Department pursuant to the Tort Claims Act. She contends the

---

[1] Section 15-78-110 read before its amendment in 1988:

> Any action brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered; provided, that if the claimant first filed a claim pursuant to this chapter then the action for damages based upon the same occurrence is forever barred unless the action is commenced within three years of the date the loss was or should have been discovered.

The 1988 amendment added the words "Except as provided for in Section 15-3-40," to the beginning of the section. Act No. 352 § 9, 1988 S.C. Acts 2644.

[2] Then, as now, the Division of General Services of the South Carolina State Budget and Control Board provided no-fault insurance benefits to lawful occupants of state-owned school buses. S.C. Code Ann. § 59-67-710 (Supp. 1986 & 1990).

pupil accident claim and the school bus accident report qualify as "a claim" filed pursuant to the Tort Claims Act. We disagree.

The Tort Claims Act allows "[a]ny person who may suffer a loss proximately caused by a tort of the State . . . [to] file a claim." S.C. CODE ANN. § 15-78-50(a) (Supp. 1986 & 1990). As defined by Section 15-78-30(b), a " '[c]laim' means any written demand against the State of South Carolina or a political subdivision for money only, on account of loss, caused by the tort of any employee of the State or a political subdivision while acting within the scope of his official duty."

The Tort Claims Act offers a person two methods by which the person can seek damages for a loss. Either the person can file with the State Budget and Control Board, appropriate state agency, the appropriate political subdivision, or, in some cases, the Attorney General a claim "setting forth the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, and the amount of the loss sustained . . ." or the person "[can] institute an action against the appropriate agency or political subdivision" irrespective of "[w]hether or not [a] claim is filed. . . ." S.C. CODE ANN. §§ 15-78-80(a) and 15-78-90(b) (Supp. 1990).

If a person chooses to employ the first method, Section 15-78-80 expressly requires the person to file a "verified claim." A twofold purpose is served by a requirement of this kind. First, the governmental entity is put on notice so that it can both conduct an investigation while the facts are fresh and preserve the evidence. *Cochran v. City of Sumter*, 242 S.C. 382, 131 S.E. (2d) 153 (1963), *overruled on other grounds*, *McCall v. Batson*, 285 S.C. 243, 329 S.E. (2d) 741 (1985). Second, a verification serves to discourage the filing of false claims because a verification permits a prosecution for perjury if the claim is fraudulent. *See State v. Cockran*, 17 S.C.L. (1 Bail.) 50 (1828) (perjury prosecution allowed under what is now S.C. Code Ann. Section 16-9-30 (1976) for making a false affidavit).

In an effort to ward off needless litigation, Section 15-78-90(b) places a restriction on a person choosing the first method regarding when the person may initiate suit. The section bars the person from bringing an action until one of the following three events occurs: (1) 180 days elapses between

the date the person files the claim and institutes the action; (2) the governmental entity involved disallows the claim; or (3) the governmental entity involved rejects a settlement offer from the claimant.

To encourage a person to file a claim before bringing suit, Section 15-78-100(a) gives a person whose claim is later disallowed or rejected three rather than two years from the date the loss was or should have been discovered to commence an action under the Tort Claims Act. Section 15-78-110, which parallels Section 15-78-100(a), bars a person who has "first filed a claim pursuant to [the Tort Claims Act]," from bringing an action under the Tort Claims Act "unless the action is commenced within three years of the date the loss was or should have been discovered."

Sections 15-78-90(b), 15-78-100(a) and 15-78-110 must be read with Section 15-78-80 because together they are a constituent part of a scheme designed to encourage a person first to seek by a route other than litigation the recovery of damages for a loss proximately caused by a tort of a governmental entity, while at the same time affording a governmental entity a measure of protection against fraudulent claims. *See* 73 Am. Jur. (2d) *Statutes* § 189 at 388 (1974) ("Statutes which are parts of the same general scheme or plan, or are aimed at the accomplishment of the same results and the suppression of the same evil, are . . . considered as in pari materia."). When these statutes are so read, the "claim" mentioned in these code sections can only refer to the "verified claim" mentioned in Section 15-78-80.

As the record reflects, neither Searcy's pupil accident claim nor her school bus accident report is supported by an oath. Without an oath, neither document can be considered as having been verified. *See Bradburn v. McIntosh,* 159 F. (2d) 925, 931 (10th Cir. 1947) ("Verify means to confirm or substantiate by oath."); *S.B. McMaster, Inc. v. Chevrolet Motor Co.,* 3 F. (2d) 469, 471 (D.C.S.C. 1925) ("[I]t is clear that the requirement of a verification under modern codes and statutes . . . means to confirm or substantiate by oath."); BLACK'S LAW DICTIONARY at 1400 (5th ed. 1979) ("The word 'verified,' when used in a statute, ordinarily imports a verity attested by the sanctity of an oath."). Because neither document is "verified," neither can qualify as a "claim" made pursuant to the

Tort Claims Act. *See Cochran,* 242 S.C. at 386-387, 131 S.E. (2d) at 155 (wherein the Supreme Court, when interpreting Section 47-71 of the Code of Laws of South Carolina (1962), which required the filing of a "verified claim" as a prerequisite to the bringing of an action, held that an unverified letter advising the municipality of an injury caused by its employee did not satisfy the requirement that a verified claim be filed); 56 Am. Jur. (2d) *Municipal Corporations, Counties, and Other Political Subdivisions* § 740 at 763 (1971) ("[I]f verification is required, the notice or claim must be verified to be effective, for such a requirement is held to be a matter of substance and not of mere form."); 63 C.J.S. *Municipal Corporations* § 925e at 366 (1950) ("Where the statute . . . requires verification, failure to comply with such requirement will invalidate the notice or statement . . . even though no prejudice to the municipality results from the omission."); *contra Braudie v. Richland County,* 219 S.C. 130, 64 S.E. (2d) 248 (1951) (wherein the Supreme Court held that an appearance before the County Board of Commissioners and a letter to the county attorney constituted substantial compliance with a statute requiring the filing of a verified claim as a prerequisite to suit).

The trial court, therefore, properly held the three-year statute of limitations inapplicable. Because she did not file a verified claim, Searcy had only two years from the date she discovered or should have discovered her loss to bring an action. S.C. CODE ANN. §§ 15-78-100(a) and 15-78-110 (Supp. 1990).

## II.

Searcy next argues Section 15-3-40 tolled until she reached age eighteen the two-year period prescribed by Section 15-78-110 for the commencement of an action. At the time Searcy was injured, Section 15-3-40 only tolled "an action mentioned in Article 5 of [Chapter 3 of Title 15]."[3] It did not then toll an action mentioned in Article 78 of

---

[3] At the time Searcy's cause of action accrued, the tolling statute read in part:

> If a person entitled to bring an action mentioned in Article 5 of this chapter, . . . be at the time the cause of action accrued ·. . . [w]ithin the age of eighteen years . . . [t]he time of such disability is not a part of the time limited for the commencement of the action. . . .

S.C. CODE ANN. § 15-3-40 (Supp. 1986).

Title 15, which is where the Tort Claims Act is found.

Subsequently, both Section 15-3-40 and Section 15-78-110 were amended so as to toll the time for the bringing of an action under the Tort Claims Act by a person "[w]ithin the age of eighteen years" "at the time the cause of action accrued." Act No. 352 §§ 1, 9, 1988 S.C. Acts 2638, 2644. These amendments became effective on March 14, 1988, and their application is expressly limited to "only . . . those causes of action arising or accruing on or after the . . . effective date of this act." *Id.* § 12 at 2647. Searcy's action accrued before the amendments' effective date.

The trial court, therefore, properly held Searcy's action came too late, filed as it was more than two years after she discovered her loss.

### III.

There being no genuine issues of material fact regarding when Searcy discovered her loss and when she commenced this action, the trial court correctly granted summary judgment to the Department. Accordingly, the judgment is

Affirmed.

SHAW, J., and LITTLEJOHN, Acting Judge, concur.

