23369

Catherine MENDE, Petitioner v. CONWAY HOSPITAL, INC., Respondent.

(404 S.E. (2d) 33)

Supreme Court

*Orrie E. West* and *Larry B. Hyman, Jr.*, Conway, *for petitioner.*

*John B. McCutcheon, Jr.*, and *Mary Ruth M. Baxter*, Conway, *for respondent.*

Heard Oct. 4, 1990; Decided April 1, 1991.

Rehearing Denied May 23, 1991.

TOAL, Justice:

This appeal involves whether the trial court erred in granting the respondent summary judgment on the basis of the expiration of the applicable statute of limitations period. The assigned error by the petitioner is that the respondent had either waived its right to assert the limitations defense, or that the respondent was estopped from asserting it. We agree that a waiver of the defense occurred here and therefore we reverse.

## FACTS

The petitioner, Catherine Mende (Mende), originally commenced this action on July 9, 1985, to recover for injuries sustained on September 16, 1984. Many delays, including one very lengthy one occasioned by the illness of counsel for the respondent, Conway Hospital, Inc. (Conway), took place before the case was called for trial early in November of 1987. At that time, Mende was unprepared for trial because one of her important expert witnesses was hospitalized. The record reflects that the parties learned a continuance would not be made available to the plaintiff, and that Conway's counsel agreed with Mende that a voluntary nonsuit without prejudice would make a suitable substitute for delaying the trial. A voluntary nonsuit without prejudice was then taken with consent of both parties.

Mende refiled her action days later on November 16, 1987. Conway answered raising the affirmative defense of the statute of limitations. It is undisputed the applicable statute of limitations period expired on September 16, 1987, before the voluntary nonsuit without prejudice was taken. The trial judge granted summary judgment for Conway on the ground that Mende's suit was time-barred. Mende appealed this ruling and the Court of Appeals affirmed in a memorandum opinion. We granted *certiorari*.

## LAW/ANALYSIS

The lower court ruled against Mende on the authority of *Davis v. Lunceford*, 287 S.C. 242, 335 S.E. (2d) 798 (1985), in

which this Court held that the statute of limitations will bar another action after an involuntary dismissal without prejudice if the statutory limitations period has expired at the time the action is refiled. Mende argues this case is distinguishable from *Davis* because Conway waived its right to rely upon the statute of limitations. We agree.

"Waiver of [the statute of] limitations may be shown by words or conduct. Thus, waiver may result from express agreement, . . . from failure to claim the defense, *or by any action or inaction manifestly inconsistent with an intention to insist on the statute.*" (emphasis added) 54 C.J.S. *Limitation of Actions* § 22 at 52 (1987). At the time the parties agreed that Mende would take a voluntary nonsuit, both parties were aware or should plainly have been aware that a voluntary nonsuit, which normally "leave[s] the situation as though no suit had been brought," *Gulledge v. Young,* 242 S.C. 287, 290, 130 S.E. (2d) 695, 696 (1963), would result in the technical reality that the statute of limitations period would have expired against Mende. Unequivocally, however, the parties demonstrated by their actions, as is reflected in the record, that the case was only to be temporarily delayed and would be resumed at a later date when all important witnesses became available.

Defense counsel himself instructed the lower court that the plaintiff's nonsuit was to be granted "without prejudice." This action by the defendant is completely inconsistent with an intention by it to assert the statute of limitations, which clearly prejudices the plaintiff by rendering him/her remediless. We held the clear intention of the parties was to obtain one last delay in a case where many delays had already occurred, rather than to effectively end the lawsuit.[1] The voluntary nonsuit was moved for with express assurances from defense counsel that the action would not prejudice the plaintiff.

We hold that the circumstances involved and the defendant's conduct indicate that the defendant waived the defense

---

[1] The dissent cites *Small v. Mungo,* 254 S.C. 438, 175 S.E. (2d) 802 (1970) and *Gulledge v. Young,* 242 S.C. 287, 130 S.E. (2d) 695 (1963) as expressing through the rules of law enunciated therein the intentions of the parties in agreeing that the plaintiff take a voluntary nonsuit. We look instead to the facts in the record to divine the parties' intentions. We note that in neither Gulledge nor Small did the parties agree that a nonsuit without prejudice should occur.

of the statute of limitations. We accordingly REVERSE the Court of Appeals and order the case restored to the docket.

HARWELL, CHANDLER and FINNEY, JJ., concur.

GREGORY, C.J., dissenting in separate opinion.

GREGORY, Chief Justice, dissenting:

I respectfully dissent.

According to the majority's recitation of the facts in this case, petitioner requested a voluntary nonsuit because "the parties learned a continuance would not be made available to [petitioner]." The only fact contained in the record, however, is that no motion for continuance was made.

At the time the voluntary nonsuit was entered, the statute of limitations had already run. In consenting to a voluntary nonsuit without prejudice, respondent merely agreed to "leave the situation as though no suit had been brought." *Gulledge v. Young,* 242 S.C. 287, 290, 130 S.E. (2d) 695, 696 (1963); *see also Small v. Mungo,* 254 S.C. 438, 175 S.E. (2d) 802 (1970). Had no suit been brought, the statute of limitations would obviously be a viable defense. I find no waiver of the affirmative defense based on this consent.

The result of the majority's decision is to place on respondent, rather than petitioner, the burden of protecting petitioner's suit from a procedural bar. Under the majority's view, respondent has waived an affirmative defense by merely agreeing to accommodate petitioner. Since petitioner did not raise the statute of limitations as a ground for continuance, I conclude she failed to protect her rights. It is she who should bear the consequences of this oversight, not respondent. I would affirm.