23719

Robert E. RINK, Appellant v. RICHLAND
MEMORIAL HOSPITAL Respondent.
(422 S.E. (2d) 747)

Supreme Court

*Lohman D. Reiter, II*, of *Young, Young and Reiter, P.A.*, Sumter, *for appellant.*

*William L. Pope* and *Kelly E. Shackelford*, of *Pope and Rogers*, Columbia, *for respondent.*

Heard May 6, 1992; Decided Sept. 21, 1992.

Reh. Den. Oct. 13, 1992.

MOORE, Justice:

This is an appeal from an order granting respondent's motion for summary judgment. We affirm.

Appellant Robert E. Rink (Rink) filed suit on March 29, 1989, against respondent Richland Memorial Hospital (Hospital) alleging that he had fallen and was injured on March 12, 1988, while hospitalized. The case was called for trial on January 17, 1990, and Rink made a motion for a continuance which was granted. The case was again called for trial on February 1, 1990, and Rink made a motion for a voluntary dismissal or nonsuit which was granted over Hospital's objection in a February 5, 1990 order. In both instances, the court taxed costs against Rink. A more detailed order granting Rink's voluntary dismissal and taxing costs was issued on May 10, 1990.

On April 6, 1990, Rink refiled his action against Hospital. Hospital moved for a dismissal because Rink had not paid the costs owed to Hospital under the previous orders. Rink paid these costs and Hospital withdrew its motion. Hospital then answered and asserted the statute of limitations as a defense. Hospital moved for summary judgment on March 12, 1991. The trial judge granted Hospital's motion and Rink now appeals.

## ISSUES

(1) What is the proper statute of limitations?

(2) Should Hospital be equitably estopped from raising the statute of limitations defense?

## DISCUSSION

S.C. Code Ann. § 15-78-110[1] of the South Carolina Tort Claims Act previously provided:

Any action brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered; provided, that if the claimant first filed a claim pursuant to this chapter then the action for damages based upon the same occurrence is forever barred unless the action is commenced within three years of the date the loss was or should have been discovered.

---

[1]This section was amended in 1988 for actions arising after March 14, 1988, by adding "Except as provided in Section 15-3-40," to the beginning of the section.

On November 11, 1988, Rink sent a letter to Hospital stating that Rink was injured while a patient in March and requesting Hospital's insurance carrier contact him. Rink contends that pursuant to this letter he first filed a claim pursuant to this chapter and, therefore, the three-year statute of limitations applies. Hospital argues that Rink did not file a verified claim pursuant to this chapter and the two-year statute of limitations applies. Hospital bases its argument on the fact that Rink did not follow the procedure for filing claims set forth in S.C. Code Ann. § 15-78-80 (Supp. 1991). We agree.

Subsection 15-78-80(a) states that a party may file "[a] *verified* claim for damages under this chapter, setting forth the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, and the amount of the loss sustained . . ." (emphasis added). Rink's letter to Hospital merely states that Rink was injured while a patient in March. Rink did not set forth any facts, date, names, or the amount of the loss sustained.

Rink relies on *Braudie v. Richland County*, 219 S.C. 130, 64 S.E. (2d) 248 (1951), to support his argument that his letter fulfilled the verified claim requirement. In *Braudie*, this Court held that the plaintiff's failure to make a literal compliance with the statute requiring a verified complaint should not deny her a trial when she made a substantial compliance with the statute. *Braudie*, however, is distinguishable from the present case. In *Braudie*, the plaintiff wrote the county attorney "in full detail with reference to the facts giving rise to plaintiff's cause of actions, giving more information than required . . ." *Id.* at 135, 64 S.E. (2d) 248. Rink's letter to the Hospital set forth much less information than required.

In *Searcy v. Dep't. of Educ., Transp. Div.*, 303 S.C. 544, 402 S.E. (2d) 486 (Ct. App. 1991), the Court of Appeals addressed this issue and held that a claim made pursuant to this chapter must be verified. Further, the court held if a verified claim is not filed, the two-year statute of limitations applies. In addition, in a pre-Tort Claims Act case, this Court held that when a plaintiff seeks to sue a political subdivision he "must fully comply with the prescribed terms and conditions of the statute, and the filing of a claim as required . . . is

an essential prerequisite to a right of action." *Cochran v. City of Sumter*, 242 S.C. 382, 386, 131 S.E. (2d) 153, 155 (1963) (overruled to the extent that it holds an action may not be maintained against the State without its consent in *McCall v. Batson*, 285 S.C. 243, 329 S.E. (2d) 741 (1985)). Further, this Court in *Cochran* held that when a statute requires verification, failure to comply will invalidate the notice, even if no prejudice results to the other party, as a verification is a matter of substance and not form. *Id.* 131 S.E. (2d) at 156. Therefore, Rink's argument that his letter fulfilled the objective of a verified claim by putting the Hospital on notice is also without merit.

Rink argues that Hospital should be equitably estopped ▪ from asserting the defense of statute of limitations.

Rink bases his argument on the order granting him a voluntary dismissal on February 5, 1990. The order stated that a more detailed order regarding costs taxed against Rink would be forthcoming. A more detailed order was issued on May 10, 1990. Rink contends that the voluntary dismissal was conditioned on his payment of costs and he could not pay or refile the suit until the more detailed order was issued.

Rink, however, refiled on April 6, 1990, prior to the more detailed order being issued but after the statute of limitations ran. The statute of limitations ran on March 12, 1990. Rink refiled prior to the issuance of the order, although he now claims he could not do so.

It is well settled in South Carolina that when an action is dismissed without prejudice, the statute of limitations will bar a subsequent suit if the statute runs in the interim. *Davis v. Lunceford*, 287 S.C. 242, 335 S.E. (2d) 798 (1985). Equitable estoppel may prevent the defense of statute of limitations. *Dillon County School Dist. Two v. Lewis Sheet Metal Works, Inc.*, 286 S.C. 207, 332 S.E. (2d) 555 (Ct. App. 1985). In *Mende v. Conway Hosp., Inc.*, 304 S.C. 313, 404 S.E. (2d) 33 (1991), this Court held that a defendant was estopped from claiming the defense of statute of limitations when he consented to plaintiff's motion for voluntary dismissal and the statute had run prior to the granting of the dismissal. The present case is distinguishable from *Mende* because here the statute had not run when Rink moved for a dismissal and Hospital objected to the dismissal.

Generally, equitable estoppel applies when the plaintiff ■ has been induced or relies on the defendant's conduct or promises that a settlement will be made and does not file suit until the statute of limitations has run. *E.g., Clements v. Greenville County*, 246 S.C. 20, 142 S.E. (2d) 212 (1965). This is not the situation in the present case. Therefore, this argument is without merit.

Accordingly, we affirm the circuit court's order granting Hospital summary judgment.

Affirmed.

HARWELL, C.J., and CHANDLER, J., concur.

FINNEY and TOAL, JJ., dissenting in separate opinion.

TOAL, Justice:

I respectfully dissent. The legislative goal in providing a longer, three-year statute of limitations for those who have first filed a claim with the governmental entity was clearly to encourage claimants to attempt informal resolution of their claim. As a less costly procedure, it benefits both the claimant and the governmental entity but it provides an additional benefit to the governmental entity in that the entity receives early notification of pending claims. The verified claim must be filed with the entity within one year of the loss occurred or when it should have been discovered. S.C. Code Ann. § 15-78-80(d) (Supp. 1991).

In *Braudie v. Richland County*, 219 S.C. 130, 64 S.E. (2d) 248 (1951), the applicable statute required, as a prerequisite to bringing a lawsuit, a verified claim to be filed within 180 days of the injury. The claimant did not file a verified claim but through her attorney appeared before the appropriate commission and wrote a letter to the county commission setting forth the details of her injury within two months of her injury. In *Braudie*, we noted the governmental entity had more information before it within forty-five days of the injury than was required to be furnished in one hundred and eighty days. Thus, we held the governmental entity had not only not been prejudiced but had benefitted from the claimant's conduct. Therefore, the claimant should not be held to strict literal compliance of the statute.

As with the defendant in *Braudie,* in the case at bar, the Hospital received the benefit of the early claim. The claim was made within seven months of the injury. Although, this claim was not verified and the written notification did not provide all the alleged facts, it is clear from the record that a detailed investigation was conducted by the Insurance Reserve Fund's adjuster. Furthermore, the plaintiff filed a lawsuit within a few months after the claim was denied by the insurance carrier. There was never a lapse in time when the Hospital was not on notice that this claim was being actively pursued. The Hospital then allowed Rink to invest substantial funds in extensive discovery for almost one year. Then the Hospital sought summary judgment on their statute of limitations defense. Rink's actions clearly benefitted the Hospital more than a verified complaint filed one year after the injury would have and significantly more than the filing of a lawsuit within two years of the injury. Nevertheless, because of a technical nonconformity, the majority has denied Rink the return benefit provided by the legislature. I would hold Rink's conduct, although not in strict conformity to the statute, benefitted the Hospital as much or more than a verified complaint would have, thus Rink should be entitled to the benefit of the extended statute of limitations.

*Cochran v. City of Sumter,* 242 S.C. 382, 131 S.E. (2d) 153 (1963), relied on by the majority, is distinguishable from the case at bar in that the applicable statute did not provide for alternate statutes of limitations but required a verified complaint to be filed with the agency within three months of the injury. There was no benefit conferred on the defendant by the plaintiff's noncompliance.

Additionally, I note the inequitable conduct of the defendant Hospital in delaying resolution of this issue by not filing a motion to dismiss on the statute of limitation defense until almost one year after this claim was filed.

FINNEY, J., concurs.