23887

Darrell GREEN, By and Through his Guardian ad Litem, Lethea GREEN, and Lethea Green as legal guardian for Darrell Green, Appellants v. LEWIS TRUCK LINES, INC., Phillip Brown, and South Carolina Department of Education, Defendants, of whom South Carolina Department of Education is Respondent.

(433 S.E. (2d) 844)

Supreme Court

*Ronald J. Jebaily* and *George D. Jebaily*, both of *Jebaily &*

*Glass, P.A.,* Florence; and *Ray P. McClain,* Charleston, *for appellants.*

*Phillip Luke Hughes,* of *Nelson, Riley, Mullins & Scarborough,* Myrtle Beach, *for respondent.*

*Victoria T. Vaught,* of *Lovelace & Battle, P.A.,* Conway, *for defendants.*

Heard May 4, 1993; Decided July 6, 1993.

Reh. Den. Aug. 17, 1993.

CHANDLER, Justice:

Appellant Darrell Green (Green) appeals an Order granting summary judgment to Respondent South Carolina Department of Education (Department). We reverse.

## FACTS

On September 21, 1987, Green, then eight years old, was involved in a school bus accident and sustained serious head injuries. He allegedly suffers from permanent organic brain impairment.

Appellant Lethea Green, Green's grandmother, was appointed as his guardian on March 11, 1991. She filed suit on his behalf on, or about, June 21, 1991, alleging negligence on the part of Department in training and supervising its bus drivers and negligence on the part of the bus driver in operating the school bus.

Department moved for summary judgment on the ground that the suit was barred by the two-year statute of limitations provided for in the original version of the Tort Claims Act (1986 Act),[1] which was effective at the time of the accident. Green opposed summary judgment, contending that the statute of limitations was tolled by his minority.

The trial judge granted Department's motion to dismiss and alternative motion for summary judgment, holding that the 1986 Act failed to provide for tolling and that the tolling provisions added in 1988 applied only to those actions arising on or after March 14, 1988. Act No. 352, §§ 1, 9, 12, 1988 Acts 2637, 2638, 2644. Green appeals.

---

[1] Act No. 463, § 1, 1986 Acts 3013, 3014.

## ISSUES

1. Did the Tort Claims Act of 1986 allow tolling of claims for minors?
2. If not, is there an equal protection violation?

## DISCUSSION

### A. *The Tort Claims Act of 1986*

First, Green contends that the 1986 Tort Claims Act ■ implicitly contained a tolling provision for minors and that the addition of the tolling provisions in 1988 merely clarified, not modified, the Act. We disagree.

In *Searcy v. Dept. of Educ. Transp. Div.*, 303 S.C. 544, 402 S.E. (2d) 486 (Ct. App. 1991), *cert. denied,* the Court of Appeals addressed this very issue. The Court held that the application of the tolling provisions was expressly limited to actions accruing or arising on or after the date of the 1988 Amendment—March 14, 1988.

We agree with *Searcy.* The plain language of the 1986 Act, when read in conjunction with the 1988 Amendments, demonstrates that the Legislature intended to modify the 1986 Act, prospectively, by providing for tolling in 1988. *Browning v. Hartvigsen,* 307 S.C. 122, 414 S.E. (2d) 115 (1992) (In interpreting a statute, the Court's primary purpose is to ascertain the intent of the legislature); *First Baptist Church v. City of Mauldin,* — S.C. —, 417 S.E. (2d) 592 (1992) (Words of a statute must be given their plain and ordinary meaning).

## EQUAL PROTECTION

Second, Green argues that, if his action against Department ■ ment is not tolled, his equal protection guarantees are violated. We agree and reverse on this issue.

Equal protection is not violated if:

1. the classification bears a reasonable relation to the legislative purpose sought to be achieved;
2. members of the class are treated alike under similar circumstances; and
3. the classification rests on some rational basis.

*Hanvey v. Oconee Memorial Hospital,* — S.C. —, 416 S.E. (2d) 623, 625 (1992).

Here, we find no justification to deny tolling of a minor's claim merely because the minor is suing a governmental, rather than a private, entity. After July 1, 1986, governmental entities were subject to liability in tort and were insured for such liability. The purpose of the 1986 Act was to limit this liability. However, tolling of a minor's claim does not affect the liability of the governmental entity; therefore, we find no reasonable relation to the purpose of the 1986 Act or any rational basis to deny tolling for minors under the 1986 Act. *See e.g., Tafoya v. Doe,* 100 N.M. 328, 670 P. (2d) 582 (N.M. Ct. App. 1983).

Further, given the 1988 Amendment, which specifically provides for tolling in actions against a governmental tortfeasor, it is clear that the State is not concerned that tolling will result in stale claims.

Accordingly, although we agree with *Searcy* that the original 1986 Act did not provide for tolling of claims by minors, we hold that the failure to provide for such tolling violates Green's equal protection guarantees. Green is entitled to the tolling provisions in his action against Department, no less than in an action against a private entity.

The Order granting summary judgment to Department on its statute of limitations defense is

Reversed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.