24060

Sandra VINES, Appellant v. SELF MEMORIAL HOSPITAL, Gleamms Human Resources Commission and Alease Thompson, Respondents.

(443 S.E. (2d) 909)

Supreme Court

*Charles M. Watson, Jr.*, Greenwood, *for appellant.*

*W. Howard Boyd, Jr.*, Greenville, *for respondents.*

Heard Oct. 19, 1993.

Decided May. 9, 1994.

CHANDLER, Justice:

Appellant Sandra Vines (Vines) appeals an Order granting summary judgment to Respondents (Hospital). We affirm.

## FACTS

On November 2, 1988, Vines was injured while riding as a passenger in a van operated by Hospital when the driver ran over a curb.[1] On October 21, 1991, she served Hospital with a summons and complaint, alleging negligence in Hospital's operation of the van.

Hospital moved for summary judgment on the ground that the claim was barred by the two-year statute of limitations set forth in S.C. Code Ann. § 15-78-10 *et seq.* (Tort Claims Act). Vines opposed summary judgment, arguing that: (1) she substantially complied with S.C. Code Ann. §§ 15-78-80 and 15-78-110, which provide a three-year statute of limitations to a plaintiff who files a *verified* claim for damages within one year of the loss; and (2) Hospital is estopped from asserting the statute of limitations.

Trial Court granted summary judgment, holding that the two-year statute of limitations was binding upon Vines.

## ISSUES

1. Was substantial compliance sufficient to entitle Vines to the three-year statute of limitations?

2. Is Hospital estopped from asserting the statute of limitations?

## DISCUSSION

### A. Verified Claim

The Tort Claims Act contains a two-year statute of limitations for actions brought against the State. S.C. Code Ann. § 15-78-110 (Supp. 1992). However, if a plaintiff files a *verified*

---

[1] At this time, Vines was being treated in the Hospital for depression. However, she makes no claim that she was under any type of mental disability.

claim within one-year of the loss or injury, the statute of limitations is extended to three-years. S.C. Code Ann. §§ 15-78-80, 15-78-110 (Supp. 1992). The *verified* claim must set forth "the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, and the amount of the loss sustained. . . ." Filing is accomplished by receipt of certified mail or by compliance with service of process. S.C. Code Ann. § 15-78-80 (Supp. 1992).

Vines alleges that she is entitled to the three-year statute of limitations, contending that she substantially complied with its provisions notwithstanding she admittedly failed to file a *verified* claim. Hospital does not challenge that it had notice of Vines' claim, but argues the notice was defective for lack of verification.

Following her injury, Vines completed claim forms, *not notarized*, with Hospital personnel. These forms are not a part of the record, nor can it be determined from the record what information required by the Act was supplied to Hospital.[2]

A claim against a state entity under the Tort Claims Act must be *verified* to entitle a plaintiff to the three-year statue of limitations. Substantial compliance is not sufficient. *Rink v. Richland Memorial Hospital*, — S.C. —, 422 S.E. (2d) 747 (1992); *Cochran v. City of Sumter*, 242 S.C. 382, 131 S.E. (2d) 153 (1963), *overruled on other grounds*, *McCall v. Batson*, 285 S.C. 243, 329 S.E. (2d) 741 (1985); *Searcy v. Dep't of Educ., Transp. Div.*, 303 S.C. 544, 402 S.E. (2d) 486 (Ct. App. 1991). If strict compliance with the Act is not required, as the Dissent urges, every case in which the statute of limitations has run will be subject to litigation. To the extend that *Braudie v. Richland County*[3] holds that substantial compliance is sufficient, it is overruled.

The requirement that a claim be *verified* is imposed by the General Assembly. Had our legislature intended that unverified notice suffice to invoke the extended statute of limitations under the Tort Claims Act, it could have so provided.[4] It chose

---

[2] The Dissent states that Hospital conceded Vines substantially complied with the Act. Nothing in the record supports this statement. Hospital merely agreed that it had notice of Vine's alleged injury. However, there was no showing of substantial compliance on this record.

[3] 219 S.C. 130, 64 S.E. (2d) 248 (1951).

to make *verification* a condition precedent. Moreover, the Tort Claims Act specifically reads that it [the Act] "must be liberally construed in favor of limiting the liability of the State." S.C. Code Ann. § 15-78-20(f) (Supp. 1992).

Finally, as observed in *Searcy, supra,* "a verification serves to discourage the filing of false claims because verification permits a prosecution for perjury if the claim is fraudulent." 303 S.C. at 546, 402 S.E. (2d) at 487.

This Court is not without sympathy for Vines and her injuries. However, it is not within the province of this Court to modify the clear statutory language set forth by the legislature.

## B. *Estoppel*

Vines contends that Hospital is estopped from asserting its statute of limitations defense on the ground that the assistance of Hospital employees in completing the claim forms "caused her to believe she had done all that she needed to do." We disagree.

A defendant may be estopped from claiming a statute of limitations defense if "the delay that otherwise would give operation to the statute has been induced by the defendant's conduct." *Dillon Co. Sch. Dist. Two v. Lewis Sheet Metal,* 286 S.C. 207, 218, 332 S.E. (2d) 555, 561 (Ct. App. 1985), *cert. dismissed,* 288 S.C. 468, 343 S.E. (2d) 613 (1986). This may consist of either an express representation that the claim will be settled without litigation or by conduct suggesting a lawsuit is unnecessary. *Dillon, supra; Clements v. Greenville County,* 246 S.C. 20, 142 S.E. (2d) 212 (1965). Settlement negotiations commenced, but not finalized, will not bar a defendant's assertion of the statute of limitations. *Gadsden v. Southern Railway,* 262 S.C. 590, 206 S.E. (2d) 882 (1974).

Here, there is no showing that Vines delayed filing suit in reliance upon Hospital's conduct. Indeed, upon Vine's discharge from Hospital, her husband informed

---

[4] The Dissent states: "If the legislature had intended for the absence of a verification to be a complete bar to the longer statutory period to file a lawsuit, as in *Cochran,* they could have written the statute to so provided." We disagree. Such an interpretation would surely have the effect of requiring the General Assembly to specify, in every statute, that it intended compliance with its plain language provisions.

Hospital personnel that he did not intend to release it from liability. Further, Vines employed an attorney to investigate her claim prior to the expiration of the statute of limitation.

Generally, the issue of whether estoppel bars a defendant from claiming the statute of limitations is a jury question. *Dillon, supra.* However, where the record contains no evidence of conduct on the defendant's part warranting estoppel, summary judgment is proper. *Gadsden, supra.* The record here is devoid of any showing that Hospital induced either Vines' noncompliance with the verification requirement or her delay in filing suit. Accordingly, on these facts, summary judgment was proper.

Affirmed.

HARWELL, C.J., and MOORE, J.,concur.

TOAL and FINNEY, J.J., dissenting in separate opinion.

TOAL, Justice, dissenting:

I respectfully dissent. I adhere to my dissent in *Rink v. Richland Memorial Hospital,* — S.C. —, 422 S.E. (2d) 747, 749 (1992) (3-2 decision) (Toal, A.J., dissenting).

> The Legislative goal in providing a longer, three-year statute of limitations for those who have first filed a claim with the governmental entity was clearly to encourage claimants to attempt informal resolution of their claim. As a less costly procedure, it benefits both the claimant and the governmental entity but it provides an additional benefit to the governmental entity in that the entity receives early notification of pending claims. The verified claim must be filed with the entity within one year of the loss occurred or when it should have been discovered. S.C. Code Ann. § 15-78-80(d) (Supp. 1991).
>
> In *Braudie v. Richland County,* 219 S.C. 130, 64 S.E. (2d) 248 (1951) . . . [t]he claimant did not file a verified claim but through her attorney appeared before the appropriate commission and wrote a letter to the county commission setting forth the details of her injury within two months of her injury. In *Braudie,* we noted the governmental entity had more information before it within forty-five days of the injury than was required to be fur-

nished in one hundred and eighty days. Thus, we held the governmental entity had not only not been prejudiced but had benefitted from the claimant's conduct. Therefore, the claimant should not be held to strict literal compliance of the statute.

*Id.* 422 S.E. (2d) at 749-50.

As with the defendants in *Braudie* and *Rink*, in the case at bar, the hospital received the benefit of the early claim. Even more compelling here is that the claim was filed while the plaintiff was a patient in the mental ward of the hospital. The claim was presented to the plaintiff by hospital personnel. Hospital personnel assisted the plaintiff in filing her claim. The plaintiff remained in the care of the defendant hospital for at least one week due to her injuries in the incident which is the basis of her claim. The hospital had enough information to turn the claim over to its insurance carrier, who investigated and denied the claim. under these facts, I would hold that the hospital waived its right to assert the lack of verification as a defense. *See e.g., Mende v. Conway Hospital, Inc.,* 304 S.C. 313, 404 S.E. (2d) 33 (1991).

In overruling *Braudie,* the majority impliedly admits, as did the Hospital,[1] that Mrs. Vines substantially complied with the Act. The only issue litigated below and on appeal was whether the lack of verification on a claim will in all case foreclose the three-year statute of limitations. The majority by its decision today announces a hypertechnical rule which I believe is neither supported by the statute nor by the prior decisions of this Court.

In denying Mrs. Vines the opportunity to litigate her claim, the majority relies on *Rink v. Richland Memorial Hospital,* — S.C. —, 422 S.E. (2d) 747 (1992) and *Searcy v. Dept. of Educ., Transp. Div.,* 303 S.C. 544, 402 S.E. (2d) 486 (Ct. App. 1991). Although I dissented in *Rink, Rink* is distinguishable from the case at bar as the majority found that Rink did not substantially comply with the Act. In *Searcy,* however, the Court of Appeals found that *Searcy* substantially complied with the Act, but nevertheless was denied the longer statu-

---

[1] Hospital's attorney stated in oral argument before this Court "We do not dispute in this claim that we knew about the claim. it was investigated and we had an opportunity to consider Mrs. Vines' claim. This is not in dispute."

tory period for filing a lawsuit because the claim was not verified. *Searcy* relied on *Cochran v. City of Sumter*, 242 S.C. 382, 131 S.E. (2d) 153 (1963), *overruled on other grounds, McCall v. Batson*, 285 S.C. 243, 329 S.E. (2d) 741 (1985), and ignored *Braudie, supra.* The majority here, and the Court of Appeals in *Searcy*, failed to recognize that *Braudie* and *Cochran* were two different statutory schemes. In *Cochran*, the statute required as *an element of the cause of action* the filing of a verified claim. Whereas in *Braudie*, the filing of the verified claims was merely a prerequisite to the longer statutory period for filing a lawsuit. The Torts Claims Act, in contrast to both *Cochran* and *Braudie*, requires the reading of three different sections to reach the conclusion that a verified claim is required in order to receive the longer statutory period to file a lawsuit. I assume that the legislature was aware of both *Braudie* and *Cochran* when it wrote the Torts Claims Act. If the legislature had intended for the absence of a verification to be a complete bar to the longer statutory period to file a lawsuit, as in *Cochran*, they could have written the statute to so provide. It seems hypertechnical to deny this patient the ability to pursue her claims simply because the forms were not notarized, particularly in light of the fact that the hospital provided the format which was used.

In order to reach the result of the majority, three statutes must be read together, our long-standing decision in *Braudie* must be overruled and cases under the general law must be ignored. *See Mende v. Conway Hospital, Inc.*, 304 S.C. 313, 404 S.E. (2d) 33 (1991) (statute of limitations may be waived by action or inaction). Under these facts, I would hold that it is inequitable to deny the plaintiff the longer period to file her lawsuit and allow the hospital to rely on the lack of verification in the claim. I would further overrule *Searcy* and rely on this Court's long-standing precedent of *Braudie*.

FINNEY, J., concurs.