HEYWARD v. MIDDLETON.

1. MASTER.—Where the term of office·of master expires before completion of case referred to him, it is proper for him to report the evidence taken by him, and the case then stands for hearing or reference.

2. CONTINUANCE—DISCRETION—AFFIDAVITS—ADMISSIONS.—In motion for continuance, Judge may consider *ex parte* affidavits of counsel and their unsworn statements in open Court, and admissions of counsel who represented movant during occurrence of matters in question, but not then, and forcing this case to trial was not an abuse of discretion under the circumstances.

3. ADVANCEMENTS—PRESUMPTIONS.—In the absence of any proof of special circumstances, such as payment of valuable consideration, or

legal duty involving on the parent, the presumption is that property received from a parent by a child is an advancement, and if in money it must be accounted for at its face value at time of reception.

4. PARTITION.—Where a defendant joins in prayer for sale of land in partition, he cannot afterwards insist that land should not be sold, without proof that it could not be actually divided.

5. COTENANTS—PARTITION.—Sums advanced by one to his cotenant upon agreement with the latter's counsel that they should be accounted for out of the cotenant's share of the common property, cannot be so paid out of fund in Court without proof of the cotenant's consent or knowledge of the agreement by his attorney.

Before GAGE, J., Charleston, July, 1902.    Modified.

Action by Elizabeth M. Heyward against Henry Middleton and Julius H. Heyward, administrator of Susan S. Middleton. From Circuit decree, defendant, Henry Middleton, appeals.

*Messrs. Memminger & Redding,* for appellant, cite: *Testimony is not sufficient to support the finding as to advancements:* 2 Strob. Eq., 148; 3 Id., 185; 5 Rich. Eq., 157; 2 McC. Eq., 90. *No evidence as to value of advancements at mother's death:* 11 S. C., 36; 20 S. C., 64; 21 S. C., 535. *Before sale, partition in kind must be shown to be impractical:* Code, 1902, sec. 2439; 35 S. E., 535; 32 S. E., 510. *Prayer is no part of pleading:* 48 S. C., 165; 13 S. C., 439.

*Messrs. Mitchell & Smith,* contra, cite: *Appeal only lies from clear case of abuse of discretion:* 42 S. C., 205; 48 S. C., 5; 50 S. C., 134; 60 S. C., 205: *Term of office of master having expired, Court could refer or not:* 53 S. C., 129. *Agreements and admissions of attorney while representing a client are binding of him:* 2 McC. Ch., 406; 47 S. C., 396; 3 Ency., 2 ed., 353; 103 U. S., 263; 101 Fed. R., 639. *As to advancements:* 1 Strob. Eq., 122; 11 Rich. Eq., 86; 10 S. C., 110; 20 S. C., 64; 53 S. C., 350. *As to the value of advancements:* 11 Rich. Eq., 86; 10 S. C., 120; 20 S. C., 64.

March 31, 1903. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This case involves the settlement of the estates of Williams Middleton and his widow, Susan Middleton, between their children, the plaintiff, Elizabeh M. Heyward, and the defendant, Henry Middleton. It was called for trial by Hon. George W. Gage at the July, 1902, term of the Court of Common Pleas for Charleston County, and a decree was rendered fixing the rights of the parties and directing a sale of property.

The defendant, Henry Middleton, appeals, and the exceptions involve two questions aside from the merits: Did the Circuit Judge have the power at the time of the trial to hear and adjudge the issues, or was he obliged to continue the cause, with or without an order of reference, on the ground that there was no testimony before the Court? If he had the power to proceed with the trial, was it an abuse of discretion to do so?

In considering the first question, all facts may be eliminated except those appearing on the record as presented to the Circuit Judge. From this record it appeared the cause was referred to W. G. Whaley, master, June 13th, 1900, "to take testimony herein and report the same, together with his conclusions of law and fact thereon." The master made a report, dated February 18th, 1902, stating, among other things, "The case has not been heard in full nor has the testimony been concluded; but as my term of office as one of the masters for Charleston County is about to expire, I think it but proper to make this report to the Court, filing herewith the testimony taken up to the present time." This report was not filed until July the 14th, 1902, after the master was out of office; but we infer from the statement of the master to Mr. Smith, respondent's counsel, printed in the "Case," that the testimony taken was filed by Mr. Whaley while he was still master. The master had taken the testimony offered by the plaintiff, which was only a part of the work he was directed to do, when his term

of office ended and he could proceed no further.   This tes-
timony taken by its officer under its order belonged to the
Court, as a part of the record, wherever it might be found;
and even if it was not actually filed until the master's term
had expired, this could make no difference.   The evidence
and the report referring to it, did not constitute a report to
which exceptions could be taken and of which ten days notice
had to be given, because there was nothing to except to and
nothing to confirm.   When the case was called at the July,
1902, term of the Court, it stood, therefore, just as it did
before the order of reference was made, except that the
plaintiff's testimony had been taken and was then in the
Court's possession.   The order of reference had become in-
operative by the retirement from office of the master, and
the presiding Judge had full power and was obliged to pro-
ceed with the trial, or, if he saw proper, make another order
of reference, unless good cause was shown for continuance.

As we understand, the appellant further objected, even if
the testimony taken by the former master could be regarded
properly before the Court, that the hearing was premature,
and asked for a continuance or another order of
reference, so that he might prepare his evidence.
The presiding Judge ordered the trial to proceed, and
we are now to consider whether this was an abuse of discre-
tion.   The refusal of a Circuit Judge to continue a cause will
not be interfered with except in a clear case of abuse of dis-
cretion.   *Varn* v. *Green,* 50 S. C., 405, 27 S. E., 824.   In de-
ciding a motion of this character, it is proper for the Court to
consider affidavits of counsel and even to have regard to their
unsworn statements, where no question is made as to their
correctness.   It is well to remark here, the burden was on
the appellant to show good cause for continuance.   It ap-
peared from the affidavit of Mr. Smith, plaintiff's counsel,
that he had closed the testimony on her behalf in August,
1901, and from that date until May 24th, 1902, two terms
of the Court intervening, he had pressed appellant's counsel
to put in their evidence, and close the reference, they contin-

ually replying they were waiting to hear from their client. All this was admitted in open Court by Mr. Bacot, who had been appellant's attorney until about two months before the trial. Appellant insists this admission should not have been considered by the Court, because at the time of the trial Mr. Bacot was no longer appellant's counsel, and his admissions could not be received against appellant. It will be observed, in the first place, Mr. Bacot admitted nothing material that was not already established by the uncontradicted affidavit of Mr. Smith, except that notice had been given him the case would be pressed for trial at the July, 1902, term of the Court. This last fact was stated by Mr. Smith before the Court outside of his affidavit, and the statement was not denied on the part of the appellant. Therefore, if the admissions of Mr. Bacot are disregarded on the ground that he no longer represented appellant, when the case was called, the appellant could not complain of being forced to trial, because it had been made to appear to the Court he had ample notice to prepare and had been treated with the utmost consideration. But the Court was not at liberty to disregard Mr. Bacot's admissions. It is true, that defendant, who resided in England, had on 24th May, 1902, notified Mr. Smith, plaintiff's counsel, that Mr. Bacot and Mr. Inglesby no longer represented him, but they were defendant's chosen attorneys when the indulgence was extended to him by plaintiff, and the Court had a right to require of them as its officers an affirmance or denial of the statement of Mr. Smith that the indulgence had been extended and that they had been told the case would be pressed for trial. If the defendant lost any right by not having it presented to the Court, it was manifestly not the fault of the Circuit Judge, nor does the record disclose the least breach of duty on the part of his counsel. We think the plaintiff was entitled to trial, and there was no abuse of discretion in ordering it. The first, second, third, fourth, fifth, sixth, seventh and thirteenth exceptions are, therefore, overruled.

Before considering the merits of the case, it should be

32—65

remarked appellant's counsel is in error in supposing the decree was based on any affidavits or statements of counsel; these were considered only in deciding whether the trial ought to proceed. It is but just to say in this connection, the statement of Mr. Bacot does not disclose any communication made to him by his client.

In the eighth exception, appellant takes the ground that the evidence before the Court was not sufficient to support the decision of the Court that the sums of money sent to Henry Middleton by his mother should be charged against him in the settlement of her estate as advancements. The evidence shows no valuable consideration for these remittances, and even though it may have been Mrs. Middleton's intention that he should not be charged with the money sent him, the law is too well settled in this State to be now questioned, that in the distribution of the estate, he must be charged even against her intention, to the end that there should be equality among the children. *Youngblood* v. *Norton,* 1 Strob. Eq., 122; *Rees* v. *Rees,* 11 Rich. Eq., 86; *Rickenbacker* v. *Zimmerman,* 10 S. C., 110. Indeed, we do not understand appellant's counsel to dispute this proposition, but he contends all the circumstances must be taken into account in deciding whether property received from a parent is to be charged as an advancement. This is true, and it is also true that in the absence of any proof of special circumstances, such as payment of valuable consideration or legal duty devolving on the parent, the presumption is that property received from a parent by a child is an advancement. As there is no proof of special circumstances attending his mother's remittances to Mr. Middleton, they must be charged as advancements. These observations apply to the eleventh as well as to the eighth exception, and they are both overruled.

As to the ninth exception, which assigns error in the judgment in charging money sent to Henry Middleton by his mother as advancements, because there was no evidence of the value of the money at the death of intestate, it is suf-

ficient to say that money is the standard of value, and the law assumes it remains unchanged, in the absence of proof of extraordinary conditions, such as the depreciation of Confederate currency. The loss of the money by the son in consequence of unwise investment or otherwise, before the death of the parent, certainly cannot avail to avoid the charge.

In his tenth exception, appellant takes the position that no order or sale of land could be made in a partition case without testimony to show the land could not be actually divided. This is true, as a general proposition. In this case, however, appellant in his answer joined in the prayer for sale. The Court had jurisdiction of the subject matter of the suit, and appellant cannot be heard to object to an order which he asked the Court to grant. The prayer of the answer for sale was the clearest possible waiver of the requirement that testimony should be taken.

Under the tenth exception, we have to consider that portion of the decree of the Circuit Court which directs the master to reserve from the share of Henry Middleton in the proceeds of the sale of the land the sum of the remittances made by Mrs. Heyward to him since the death of Mrs. Middleton. This was ordered on the statement of Mr. Smith, admitted by Mr. Bacot to be true, that these remittances were made in pursuance of an understanding between counsel that they should be charged against Mr. Middleton in the final settlement. This Court has not the slightest doubt that this arrangement was made by Mr. Bacot in the utmost good faith and in his laudable zeal to promote the interests of his client, but there is no evidence of the client's consent to have these remittances charged against his share of the land, or that he received the money with knowledge of the arrangement made in his behalf; and we think the mere agreement of his counsel would not be sufficient to place a charge on Mr. Middleton's property. In addition to ascertaining the amount of these remittances, as ordered by the Circuit Court, the master should take testimony and report whether they are properly chargeable

against the share of Henry Middleton in the proceeds of the sale of the lands.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed, with the modification above indicated under the tenth exception.

*Submitted on printed Briefs.—R.*