BOND v. CORBIN.

1. DISCRETION—NONSUIT.—Dismissal of case for failure of plaintiff to attend and prosecute, is within discretion of trial Judge, and when the first case on the docket is set for trial on first day set for jury cases, called plaintiff absent, called with same result at afternoon session, and again on next morning with same result, order of dismissal sustained.

2. MOTION.—No NOTICE of motion to dismiss for lack of prosecution is necessary.

3. JURISDICTION.—THIS COURT will not pass on facts stated in affidavits on motion to rescind order dismissing case for lack of prosecution.

Before WATTS, J., Oconee, November, 1902.   Affirmed.

Action by J. A. Bond against W. B. F. Corbin and J. T. McKinney.   From order dismissing case for failure of plaintiff to attend and prosecute, plaintiff appeals.

*Messrs. J. R. Earle* and *Stribling & Herndon,* for appellant.   *Mr. Earle* cites: 65 S. C., 496; 50 S. C., 403.

*Messrs. Jaynes & Shelor,* contra, cite: 2 Bay, 440; 60 S. C., 293; 1 Bail., 544; 4 Strob., 62; 2 Bail., 576; 11 Rich., 153; 33 S. C., 106, 275; 42 S. C., 209; 48 S. C., 5; 51 S. C., 136; 65 S. C., 496.

March 24, 1904.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.   This action in the Court of Common Pleas for Oconee County, in this State, was begun May 14th, 1900.   A trial was had at the May, 1902, term of Court and resulted in a mistrial.   Again the cause was called for trial at the November term, 1902, when the following circumstances were brought to the attention of his Honor, Richard C. Watts, as presiding Judge.   That this cause was at the head of the docket, being cause No. 1 on docket No. 1.   That by agreement of counsel on both sides, it was

fixed for trial on Thursday morning. At the hour of trial, that plaintiff failed to appear. That Mr. J. R. Earle had written plaintiff, his client, when the cause would be called for trial and that no answer had been received, although the plaintiff lived at Pelzer, in Anderson County, which is an adjoining county to Oconee County. The presiding Judge postponed the cause until 3 o'clock, on Thursday afternoon. Again the plaintiff failed to be in attendance upon the Court. That the defendants with their witnesses were present in Court, and demanded a trial. The presiding Judge again continued the further hearing until Friday morning, stating that if the plaintiff failed to appear, he would dismiss the cause for want of prosecution, if the defendants still demanded a trial. That on Friday morning, when the Court assembled, the plaintiff still failed to appear, but had sent this telegram to his attorney: "To J. R. Earle, Walhalla, S. C. Will come to-morrow. Will try to be there by noon. J. A. Bond." The defendants demanded their right of trial. That thereupon the presiding Judge granted the following order: "Upon the call of the above named action for trial, and the defendants announcing themselves ready for trial and the plaintiff not being present; now, on motion of Jaynes & Shelor, defendants' attorneys, it is ordered, that plaintiff be and is hereby nonsuited."

In the afternoon of that day, the 7th day of November, 1902, the plaintiff appeared in person, and thereafter during the term of Court a motion was made to vacate the foregoing order, and affidavits pro and con were filed. The Circuit Judge refused the motion. An appeal was then taken from the order of nonsuit as well as from the order refusing to vacate the same on these grounds:

"1. For it was error on the part of the presiding Judge to order complaint dismissed and a nonsuit entered before the end of the term, and before jurors were dismissed, but his Honor should have ordered that the case be passed over and that it lose its place on the docket, but the case remain on the

docket at least until the jurors were dismissed, there being no motion to continue the case beyond the term.

"2. For that it was error on the part of the presiding Judge to dismiss the complaint and order a nonsuit for want of prosecution, no notice of such motion having been given to plaintiff.

"3. For that it was error on the part of the presiding Judge to hold that the affidavits furnished do not present such a showing as would entitle plaintiff to have the order rescinded, and to order and adjudge that the motion to rescind be refused, but his Honor should have held that, under the affidavits furnished and the facts stated therein, that the order dismissing the complaint and ordering a nonsuit should be rescinded."

In passing upon these grounds of appeal we feel that it is our duty to emphasize what the Court said in the case of the *State* v. *Box*, 66 S. C., at page 404: "One of the strongest criticisms of the administration of the law relates to the many delays of the trial of cases. Parties in the criminal and the civil Courts should be ready to try their cases promptly." Every man is held to know the law. This November term of Court was a regular term. The position of this case was the first on the docket. Counsel on both sides had fixed Thursday morning as the time for the trial of this cause, yet when the case was called the plaintiff is not there. Delay is had till the afternoon session of the Court, still he is absent. On Friday morning, it is called for trial and still the plaintiff is absent. The Circuit Judge grants a nonsuit refusing to continue any longer. Was this error? From the earliest adjudications to the present time, this matter is wisely left to the discretion of the Circuit Judge. *Hort* v. *Jones*, 2 Bay, 440; *Sheppard* v. *Lark*, 2 Bailey, 576; *Hunter* v. *Glenn*, 1 Bailey, 544; *Cook* v. *Cottrell*, 4 Strob., 62; *Chalk* v. *McAlily*, 11 Rich., 153; *State* v. *Atkinson*, 33 S. C., 106, 11 S. E., 693; and many other cases, concluding with *Heyward* v. *Middleton*, 65 S. C., 496.

We can see nothing in the conduct of the Circuit Judge in this matter which was erroneous. The first exception is overruled.

As to the second exception, we will state that there was no necessity for giving a notice for the motion to dismiss the case for want of prosecution. The case was regularly reached on the docket. The plaintiff was not ready to go on. Therefore, he ought to have been dismissed. This exception is overruled.

Lastly, as to the third exception. We cannot pass upon the sufficiency of the facts developed by the affidavits. This is a law case. This Court cannot, under the law, canvass the facts. They were for the Circuit Court. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.