## 10612

### CUSACK v. SOUTHERN RY. CO. *ET AL.*

#### (107 S. E. 30)

1. DISMISSAL AND NONSUIT—WARRANTED ON ANNOUNCEMENT BY ATTORNEY OF RECORD THAT HE HAD ABANDONED CASE.—Where plaintiff's attorney of record announced, when the cases on calendar were called to ascertain if the parties were ready for trial, that he had abandoned the case, and where there was no order of substitution of attorneys in compliance with Circuit Court Rule No. 7, and where no other attorney appeared for the plaintiff at such time, and defendant had no knowledge that other attorney had been engaged, the Court was justified in making an order of discontinuance at such time on defendant's motion therefor.

2. DISMISSAL AND NON-SUIT—REINSTATEMENT MAY BE WITHOUT NOTICE ON DAY OF DISCONTINUANCE.—Court, having discontinued the case and dismissed the complaint on announcement by plaintiff's attorney of record, when the case, among others, was called to ascertain what jury cases would be ready for trial, that he had abandoned the case, should have reinstated the case without requiring notice to defendant on being notified during the same day that there had been a substitution of attorneys the Judge having absolute control of all orders signed by him in term time.

3. MOTIONS—COURT IN ABSOLUTE CONTROL OF ORDERS SIGNED BY HIM IN TERM TIME.—The Circuit Judge was in absolute control of all orders signed by him in term.

Before MAULDIN, J., Dorchester, October term, 1920. Reversed.

Action by Frank Cusack against Southern Railway Co. et al. From order of dismissal plaintiff appeals.

*Mr. Jacob Moorer,* for appellant, cites: *Case should not have been dismissed:* 21 S. C. 143; 35 S. C. 421.

*Messrs. M. S. Connor and W. C. Wolfe,* for respondent, Brickman Way.

April 16, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for claim and delivery of personal property, commenced September 13, 1918. Appeal is from an order of discontinuance dated October 20, 1920.

The suit was instituted by R. Lon Weeks, as plaintiff's attorney. On March 24, 1920, Weeks signed a statement to the effect that his connection with the case as plaintiff's attorney had been severed. The plaintiff then engaged Jacob Moorer in his stead. The latter attorney does not appear to have notified defendants' attorneys of his connection with the case; certainly no order was taken as prescribed by Rule 7, Circuit Court Rules.

The Court of General Sessions for Dorchester County opened at St. George on October 19, 1920. The substituted counsel was on hand prepared to try the case as soon as the criminal business should have been disposed of, though no information of that fact appears to have been communicated either to the Court or to the opposing counsel.

The criminal business was not in fact disposed of until Wednesday, the 21st; but it appears that on the morning of the 20th, before the substituted counsel appeared in the courtroom, the presiding Judge called the cases on Calendar 1 to ascertain what jury cases would be ready for trial. When this case was called, R. Lon Weeks, the original plaintiff's counsel, announced that he had abandoned the case. Thereupon the defendant's counsel moved for and obtained an order from the presiding Judge discontinuing the case and dismissing the complaint with costs.

On the same day the substituted counsel, Jacob Moorer, appeared in the courtroom, and, learning of the order, requested the presiding Judge to hear him with regard to reinstating the case upon the calendar. The presiding Judge ruled that the matter would have to be brought to his attention in the proper manner upon due notice served, and overruled the motion.

The Circuit Judge was justified in making the order of discontinuance under the circumstances, as the only attorney of record announced in open Court that he had abandoned the case, it not appearing that the defendant's counsel had been informed of the substitution of attorneys, and Rule 7 in that regard not having been complied with.  We think, however, that after the misunderstanding had been promptly called to the Circuit Judge's attention he should have entertained and granted the plaintiff's motion to rescind the order, and that he placed his refusal upon the erroneous conception that he could only do so after due notice.  The Circuit Judge was in absolute control of all orders signed by him in term time.

The judgment of this Court is that the order appealed from be reversed, and that the case be remanded for trial.