DUNCAN v. DUNCAN

(126 S. E., 763)

1. TRIAL—TRIAL JUDGE HAS RIGHT TO DIRECT HOW CASE SHALL BE TRIED AND IS SUBJECT TO CORRECTION ON APPEAL.—Trial Judge has right to direct how case shall be tried, and error in selecting mode of trial will be corrected on appeal.

2. DISMISSAL AND NONSUIT—PLAINTIFF'S REFUSAL TO PROCEED WITH TRIAL IN MODE DETERMINED BY COURT WARRANTS NONSUIT.—Plaintiff's refusal to proceed with trial, after judge had directed that it should be tried before jury, *held* to warrant nonsuit.

3. INJUNCTION—TEMPORARY INJUNCTION DISSOLVED BY GRANTING OF NONSUIT.—Granting of nonsuit, on plaintiff's refusal to try case in mode directed by Court, works dissolution of temporary injunction previously made against defendant.

Before MAULDIN, J., Newberry, April, 1924. Affirmed.

Suit by John T. Duncan against James E. Duncan. From an order granting motion for nonsuit, plaintiff appeals.

*Messrs. E. J. Green* and *John T. Duncan,* for appellant, cite: *Right to equity trial:* Code Civ. Pro. (533), Sec. 6 and (534); 69 S. C., 141; 69 S. C., 196; 66 S. C., 455; 69 S. C., 233; 23 S. C., 1; 5 S. C., 411; 35 S. C., 417; 44 S. C., 119. *Failure to give notice under Rule 28, bars submission of issue to jury in equity cases:* 76 S. C., 507; 98 S. C., 212. Under (534), *Sec. 7-n, all equitable issues must be tried by the Judge, either alone or with such aid of a jury:* 9 S. C., 147; 11 S. C., 447; 12 S. C., 108; 16 S. C., 331. *Nonsuit is improper on trial of issue in chancery:* 63 S. C., 266; 64 S. C., 403. *Motion to vacate injunction—notice:* 86 S. C., 10; 86 S. C., 160; 93 S. C., 247. *Motion to transfer is the remedy to remove case wrongfully docketed:* Code of Civ. Pro., Sec. 535; 42 S. C., 92; 30 L. Ed., 167.

*Messrs, Hunt, Hunt & Hunter* and *Eugene S. Blease,* for respondent, cite: . *Case was properly on Calendar 1:* Code, 1922, Vol. 1, Sec. 535; 46 S. C., 499. *Order of trial discretionary with the Court:* 93 S. C., 352; 66 S. C., 171. *Nonsuit was proper:* 116 S. C., 143.

March 11, 1925.

The opinion of the Court was delivered by MR. JUSTCE WATTS.

"This is an appeal from an order, dated April 30, 1924, granting a motion of nonsuit made by the defendant. This cause was heard at the April, 1924, term of Court. The action was for breach of contract and actual and punitive

damages, and was commenced by service of the original summons and complaint on June 2, 1923.

"The plaintiff docketed the case on Calendar 2. The defendant docketed the case on Calendar 1. After being docketed, as stated, the case was continued at both the September and December, 1923, terms of the Court. Neither side at any time moved for an order of reference. Previous to the April, 1924, term of Court, the Bar Association of Newberry prepared a roster of cases appearing on Calendar 1, for trial at said term of Court, on which roster this case appeared.

"At the time of commencing the action, plaintiff obtained a temporary restraining order and rule to show cause for injunction against the defendant from cutting, removing, and disposing of timber and lumber covered by the contract hereinafter set forth. At the hearing on the rule to show cause before Judge Featherstone at his chambers, Greenwood, S. C., both plaintiff and defendant were enjoined from cutting, removing, or disposing of any timber or lumber covered by the contract, pending the hearing of the cause. By an order of Judge Featherstone certain lumber claimed by both parties was sold and the proceeds of sale, amounting to a little more than $2,000.00, was deposited with the Clerk of Court, and said funds are now in his hands.

"On the call of the cause for trial, plaintiff stated that he did not desire a jury trial and moved the Court to hear the case without a jury. The defendant insisted upon a jury trial. After hearing argument the Court decided to take the testimony before a jury and stated that, if it developed that only equitable issues were involved, the case would be withdrawn from the jury and decided by the Court, but that, if issues for a jury appeared, then the jury would be allowed to pass thereon. The plaintiff excepted to the ruling of the Court and withdrew and refused to participate further in the trial of the case. Thereupon, upon motion of the

defendant, the Court ordered a nonsuit and passed the order set forth in the case.

"Upon inquiry from counsel for the defendant, the plaintiff who appeared for himself in the Court stated to the Court that he would not take part in impaneling a jury and he would not offer any testimony. The defendant then moved for a nonsuit, which was granted by the Court."

1, 2    The exceptions are overruled. A Circuit Judge has the right to direct how a case shall be tried. If he is wrong in the mode of this trial, this Court will correct on appeal. When the appellant refused to proceed with the trial when ordered by the Court, nonsuit was proper. *Cusack v. Southern Railway,* 116 S. C., 142; 107 S. E., 30.

3    The granting of the nonsuit ended the case and all orders in the case fall with the case, and Judge Featherstone's order of injunction was dissolved. Judgment affirmed.

MESSRS. JUSTICES FRASER and MARION and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN did not participate.