626 S.E.2d 902

**Sabrina McCOMAS, Appellant,**

v.

**Chris ROSS, Respondent.**

No. 4084.

Court of Appeals of South Carolina.

Heard Jan. 9, 2006.

Decided Feb. 21, 2006.

Jarrel L. Wigger, of North Charleston, for Appellant.

Margaret M. Urbanic and Michael B. McCall, of Charleston, for Respondent.

CURETON, A.J.:

This is an appeal from the trial court's dismissal of McComas' case for failure to prosecute. We reverse.

## FACTS

Sabrina McComas filed this negligence action against Chris Ross on November 13, 2002 for medical bills, lost wages, physical injuries, and other damages, incurred as a proximate result of her injuries from a car accident. McComas' case was scheduled as number 15 on the trial docket for the week beginning September 7, 2004[1], and someone from her counsel's office attended the roster meeting that morning. According to McComas' counsel, he contacted the court on Wednesday morning to determine the status of McComas' case. Shortly thereafter, at approximately 10:00 a.m., McComas checked in with her counsel in regards to the status of her case. Counsel informed her that he had received no word from the court and to not "worry about it until tomorrow."

---

1. Monday, September 6, 2004 was Labor Day, and, therefore, a state holiday.

He also reminded her to check back with his office in the afternoon. McComas' counsel indicated to the court that around 10:30 a.m. the clerk of court sent a message through the internet instant messaging system, notifying him that the case would be called to trial the next morning. At approximately 11 a.m., the clerk telephoned counsel and advised that the Administrative Judge set McComas' trial to begin at 2:00 p.m. Counsel attempted to call McComas several times through the only contact number he had for her, but was unable to get in touch with her. Counsel even sent a paralegal to McComas' home, but McComas was not there.

McComas' counsel arrived at the courthouse at 2:00 p.m., selected the jury, and indicated to the trial court that he had been unable to locate McComas, although he was still attempting to do so. Counsel requested that after the opening arguments the trial court continue the case until the next morning or until such time as McComas could be located. · The trial court informed counsel that the trial would proceed. After hearing from three witnesses, counsel informed the trial court that McComas and the doctor were on their way to the courthouse, at which time the trial court recessed the trial for about ten minutes until 4:00 p.m., adding "[i]f this witness is not here I'm going to dimiss [the case] for lack of prosecution." Counsel informed the court that when McComas arrived home at 3:30 p.m., she called counsel and was advised that her trial had begun at 2:00 p.m. She immediately asked for a ride from a friend and left for the courthouse. However, she had trouble finding the courthouse and was further delayed. McComas' other witness, the doctor, was expected to arrive at 4:30 p.m. At 4:16 p.m., on Ross' motion, the trial court dismissed the case for failure to prosecute. According to McComas and her friend who drove her there, she arrived at the courthouse at approximately 4:18 p.m. and learned her case had been dismissed with prejudice.

 McComas then filed a motion for a new trial or, in the alternative, to alter or amend the judgment. Based on *Small v. Mungo*, 254 S.C. 438, 175 S.E.2d 802 (1970), the trial court then altered the judgment to a dismissal without prejudice.[2] This appeal followed.

---

2. "An order of dismissal for failure to proceed with the suit is in the nature of a discontinuance of the action and is not an adjudication of

## STANDARD OF REVIEW

 Whether an action should be dismissed for failure to prosecute is left to the discretion of the trial court judge, and his decision will not be disturbed, except upon a clear showing of an abuse of discretion. *Small v. Mungo*, 254 S.C. 438, 442, 175 S.E.2d 802, 804 (1970).

## LAW/ANALYSIS

McComas claims the trial court erred in dismissing her case because (1) the sanction of dismissal was too harsh given the facts and circumstances, and (2) she did not fail to prosecute the case. We agree.

Rule 40(b) of the South Carolina Rules of Civil Procedure provides "[t]he first 20 cases on the Jury Trial Roster at the opening of court on the first day of a term, excluding those previously dismissed, continued or otherwise resolved before the opening of that term of court, may be called for trial." "For failure of the plaintiff to prosecute or to comply with these rules ... a defendant may move for dismissal of an action or of any claim against him." Rule 41(b), SCRCP.

 The plaintiff has the burden of prosecuting her action, and the trial court may properly dismiss an action for plaintiff's unreasonable neglect in proceeding with her cause. *Don Shevey & Spires, Inc. v. Am. Motors Realty Corp.*, 279 S.C. 58, 60, 301 S.E.2d 757, 758 (1983). In those cases where our supreme court has affirmed dismissal of actions based on a failure to prosecute, the dismissals were imposed to maintain the orderly disposition of cases in the face of repeated warnings to the offending party or multiple opportunities to proceed with trial, and only then upon a finding of unreasonable neglect. *See Small v. Mungo*, 254 S.C. 438, 443, 175 S.E.2d 802, 804 (1970) (finding no abuse of discretion where counsel was apparently in his office and plaintiff and witnesses were at work when case was called for trial, and counsel informed the court that he could not appear for hours); *Bond v. Corbin*, 68 S.C. 294, 294–95, 47 S.E. 374, 374 (1904). In granting dismiss-

---

the merits." *Small* at 443, 175 S.E.2d at 804. Therefore, the supreme court modified the judgment of the trial court "so that its effect [was] to dismiss the action without prejudice." *Id.* at 444, 175 S.E.2d at 804.

al for failure to prosecute, there must be some showing of indifference to the rights of the defendant. *E.g., Orlando v. Boyd,* 320 S.C. 509, 511, 466 S.E.2d 353, 355 (1996) (holding that precluding a witness from testifying was an abuse of discretion without a showing of willful disobedience when exclusion amounted to a judgment of default or dismissal).

Our Fourth Circuit Court of Appeals has also addressed this issue. The court in *McCargo v. Hedrick,* 545 F.2d 393, 396 (4th Cir.1976) held that dismissal is a harsh sanction, which "should be resorted to only in extreme cases." Dismissal is generally permitted only in the face of a clear record of delay or contumacious conduct by the plaintiff. *Id.* The discretion should be exercised discreetly and only after due consideration of the availability of sanctions less severe than dismissal. *Id.; Bush v. U.S. Postal Serv.,* 496 F.2d 42, 44 (4th Cir.1974). The Fourth Circuit has said the trial court must consider four factors before dismissing a case for failure to prosecute: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Hillig v. Comm'r of Internal Revenue,* 916 F.2d 171, 174 (4th Cir.1990). *See also Herbert v. Saffell,* 877 F.2d 267, 270 (4th Cir.1989); *McCargo,* 545 F.2d at 396; *Chandler Leasing Corp. v. Lopez,* 669 F.2d 919, 920 (4th Cir.1982).

 There is no dispute that *McComas v. Ross* was number fifteen on the trial roster for the court week of September 7, 2004. However, McComas contacted her attorney as he requested both in the morning and afternoon each day of court week. She also arranged for transportation and left for the courthouse immediately upon learning her case had been called to trial, arriving only minutes after the trial court dismissed the case. There is no indication McComas did not prosecute her case. She spent many months engaged in discovery and subpoened a total of five witnesses for trial. McComas actively pursued her case and was only personally delayed on the date of trial. Unlike other cases when the trial court has found unreasonable neglect by the plaintiff, McComas simply arrived late on the day of trial. *See Small,* 254 S.C. at 441, 175 S.E.2d at 803 (holding unreasonable neglect

by plaintiff was inferable when, upon notification of the case being called to trial, neither plaintiff nor his attorney appeared at trial and simply informed the court that they would not be able to start the trial until some hours later).[3] Her attorney was in attendance and presented evidence to the jury regarding the case. Furthermore, McComas did not have a history of requesting continuances or abusing court rules to evidence a clear record of delay and contemptuous conduct, as required by the federal cases involving dismissal, or unreasonable neglect, as required by the South Carolina case law.

Ross also argues that *Bond,* 68 S.C. at 294, 47 S.E.2d at 374, further supports the dismissal. However, dismissals for failure to prosecute are fact-intensive issues, and the facts of *Bond* are easily distinguishable from the facts in the case sub judice. In *Bond,* counsel agreed to a fixed trial date. *Id.* However, the plaintiff failed to appear at court on the agreed-upon morning. *Id.* at 295, 47 S.E. 374, 47 S.E.2d at 374. The trial court continued the case until the afternoon, but the plaintiff still did not appear. *Id.* Though the defendants were present in court and demanded a trial, the trial court continued the case until the next morning, "stating that, if the plaintiff failed to appear, he would dismiss the cause for want of prosecution if the defendants still demanded a trial." *Id.* When the plaintiff failed to appear the next morning, the trial court dismissed the case for failure to prosecute. *Id.* The trial court gave the plaintiff in *Bond* two opportunities to correct his failure to appear, including the benefit of an extra day, although his counsel had agreed to the trial date. *Id.*

Under the facts of this case, dismissal of McComas' case was too harsh a sanction for her conduct or the conduct of her counsel. Therefore, we find the trial court abused its discretion in dismissing McComas' case.

---

**3.** *Small* was decided under section 10–1502 of the South Carolina Code (1962), which has since been replaced by Rule 41(b) of the South Carolina Code of Civil Procedure, promulgated in 1985. Though Rule 41(b) does not require the defendant prove unreasonable neglect by the plaintiff to be granted a motion to dismiss for failure to prosecute, we find a reasonableness standard should apply in cases of this kind, as illustrated by the federal cases on point.

## CONCLUSION

For the reasons stated above, the trial court's decision is hereby

**REVERSED.**

GOOLSBY, J., concurs. ANDERSON, J., dissents in a separate opinion.

ANDERSON, J. (dissenting):

I respectfully dissent. I disagree with the reasoning and analysis of the majority. The judge's decision to dismiss McComas's case for failure to prosecute was a proper exercise of discretion. I **VOTE** to **AFFIRM.**

## FACTUAL/PROCEDURAL BACKGROUND

McComas and Ross were involved in a car accident on December 13, 1999. McComas initiated this action, and the case was number fifteen on the jury trial roster for the court week which began on Tuesday, September 7, 2004. The case was called to trial at 2:00 p.m. on the afternoon of September 8.

McComas was not present when the trial began. Her attorney explained to the court: "Well, we talked to her this morning about ten o'clock and said she hadn't heard anything from the court and told her don't worry about it until tomorrow and we got a call at eleven and we're still trying to find her." The judge instructed the attorneys to make their opening statements and informed McComas's counsel they could proceed in calling their witnesses. However, the judge warned, "Well, if you run out of witnesses, I'm sorry. I can't help you and what do you want me to do?"

Counsel made their opening statements and McComas's attorney called three witnesses, including the defendant. After the last witness stepped down, the court directed counsel for McComas to call their next witness. Counsel responded, "Your Honor, at this time we're still waiting for Sabrina McComas to arrive." The judge dismissed the jury to the jury room, and the following colloquy occurred:

**The Court:** Mr. Wigger, when were you notified this case would be called for trial?

**Mr. Wigger:** At eleven o'clock this morning, your Honor.

**The Court:** When did you notify your client?

**Mr. Wigger:** Your Honor, I think we made contact with my client probably about 2:30 or three o'clock, my understanding.

**The Court:** What remedy do I have other than continuing it? I told you I was going to five o'clock today. Or dismissing it?

. . . .

I'm not—not criticizing your effort, I'm not criticizing your performance. I'm criticizing the fact your client is not here and how it's—the effect it's having on our—the whole situation. You have to bring jurors in, the cost, the room of the court, the rules.

. . . .

She doesn't even know how to get to the courthouse?

**Mr. Wigger:** No, sir. She called about ten minutes ago and said she was lost down here on Meeting Street.

I'd ask the Court, this case as far as I know has been continued over and I've got all these other folks down here to testify on a couple hours' notice and we've actually—

**The Court:** Who else we got besides the plaintiff and the chiropractor?

**Mr. Wigger:** That's it, your Honor. And I told the doctor to be here about 4:30 and as far as I know he's been on his way, too.

Ross's counsel made a motion to dismiss, which the court granted:

All right. Let the record reflect that the jury came in about—the jury came in at 2:30 and were selected by Judge Dennis and then they got to this courtroom . . . . [t]he court reporter has about 3:08, at which time I instructed all the parties we were going to go to about five this afternoon. We did the initial instructions to the jury. We did opening statements.

Plaintiff put up one witness and then called the defendant and that was about ten minutes to four, at which time I was told they had no other witnesses available. I gave them to four o'clock. I was going to dismiss the case if the plaintiff did not show up by four.

Came back in the courtroom at four o'clock and they had a three-minute witness in Miss Wease who was—simply testified about the lady's hourly wage.

It is now 4:16 and the plaintiff has still not shown. Defense made a motion to dismiss for lack of prosecution, which I am granting.

Originally, the court dismissed McComas's case with prejudice. McComas filed a Rule 59 motion arguing (1) that dismissal was improper because there was no unreasonable neglect, and (2) dismissal with prejudice was improper since the applicable precedent requires dismissals for failure to prosecute to be without prejudice. The court amended its judgment so that the dismissal was without prejudice:

**The Court:** So everybody understands that the dismissal will be without prejudice, and that is based on the ruling of *Small v. Mingo,* a 1970 case, and I find the facts in this case mirror that of *Small v. Mingo.*

I think that is certainly grounds for me to rule like I did. It is discretionary, and I don't think there has been any abuse of discretion.

### STANDARD OF REVIEW

The question of whether an action should be dismissed for failure to prosecute is left to the discretion of the circuit judge and his decision will not be disturbed except upon a clear showing of an abuse of such discretion. *See Small v. Mungo,* 254 S.C. 438, 175 S.E.2d 802 (1970); *see also Bond v. Corbin,* 68 S.C. 294, 296, 47 S.E. 374, 375 (1904) ("From the earliest adjudications to the present time, this matter is wisely left to the discretion of the circuit judge. *Hort v. Jones,* 2 Bay, 440; *Sheppard v. Lark,* 2 Bailey, 576; *Hunter v. Glenn,* 1 Bailey, 542; *Cook v. Cottrell,* 4 Strob. 61; *Chalk v. McAlily,* 11 Rich. Law, 153; *State v. Atkinson,* 33 S.C. 100, 11 S.E. 693; and many other cases, concluding with *Heyward v. Middleton,* 65 S.C. 493, 43 S.E. 956.").

### LAW/ANALYSIS

McComas argues the court erred in dismissing her case because (1) dismissal is too harsh a sanction under the circumstances of this case, and (2) McComas did not fail to prosecute her case since her counsel began the trial and she was on her way to the courthouse.

Rule 40(b), SCRCP, addresses the calling of cases from the jury trial roster. Pursuant to Rule 40(b):

> The clerk initially shall place all cases in which a jury has been requested on the General Docket. A case may not be called for trial until it has been transferred to the Jury Trial Roster.... Cases shall be called for trial in the order in which they are placed on the Jury Trial Roster, unless the court in a Scheduling order has set a date certain for the trial, or, after the case has been set on the Jury Trial Roster, the court, upon motion, grants a continuance.... The first 20 cases on the Jury Trial Roster at the opening of that term of court, may be called for trial.

Rule 41(b), SCRCP, provides:

***(b) Involuntary Dismissal: Non–Suit; Effect Thereof.***

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.

Our supreme court, in *Crestwood Golf Club, Inc. v. Potter,* 328 S.C. 201, 493 S.E.2d 826 (1997), enlightened that Rule 41 additionally provides for dismissal of counterclaims, cross-claims, and third-party claims for failure to prosecute. *See id.* at 211, 493 S.E.2d at 832 ("Rule 41(c), SCRCP, allows a trial judge to dismiss an action, upon a party's motion, for the other party's failure to prosecute a counterclaim, cross-claim, or third-party claim."). The *Crestwood* court further observed that the authority to dismiss for failure to prosecute emanates both from Rule 41, and from the inherent power of the court:

> [T]his Court has held that trial judges possess the inherent power to dismiss actions *sua sponte* for a party's failure to prosecute the relevant claims. *See, e.g., Small v. Mungo,* 254 S.C. 438, 442, 175 S.E.2d 802, 803 (1970) (noting that "it is within the inherent power of the court to dismiss an action for failure to prosecute."); *see also* 24 Am.Jur.2d

*Dismissal, Discontinuance, and Nonsuit* 48 (1983) ("Provision is made in federal and state statutes or rules of practice for dismissal of civil actions for failure of prosecution by the plaintiff. However, the power of trial courts to dismiss a case for failure to prosecute with due diligence is generally considered inherent and independent of any statute or rule of court. Such power is deemed to be necessarily vested in trial courts to manage their own affairs so as to achieve orderly and expeditious disposition of cases.")[.]

*Crestwood,* 328 S.C. at 211–12, 493 S.E.2d at 832.

A review of the South Carolina precedent addressing dismissal for failure to prosecute demonstrates a trial judge is vested with the discretion to dismiss a case without prejudice when a plaintiff fails to appear to prosecute her case.

In *Bond v. Corbin,* 68 S.C. 294, 47 S.E. 374 (1904), the plaintiff's May 1902 trial resulted in a mistrial, and the case was scheduled to be retried during the November 1902 term. The case was the first on the docket, and the parties agreed to fix the date of trial as Thursday. The plaintiff failed to appear at trial. His attorney explained he had written his client but had not heard back from him. The case was postponed until 3:00 p.m. on Thursday.

> Again the plaintiff failed to be in attendance upon the court. . . . The presiding judge again continued the further hearing until Friday morning; stating that, if the plaintiff failed to appear, he would dismiss the cause for want of prosecution if the defendants still demanded a trial.

68 S.C. at 295, 47 S.E. at 374.

The plaintiff failed to appear on Friday morning, but his counsel presented a telegram from him which read, "Will come tomorrow. Will try to be there by noon. J.A. Bond." 68 S.C. at 295, 47 S.E. at 374. The court, however, dismissed the action for failure to prosecute. The plaintiff arrived Friday afternoon and moved to vacate the order of dismissal, which the trial judge denied.

The South Carolina Supreme Court edified:

> In passing upon these grounds of appeal, we feel that it is our duty to emphasize what the court said in the case of *State v. Box,* 66 S.C., at page 404, 44 S.E. at page 970: "One

of the strongest criticisms of the administration of the law relates to the many delays of the trial of the cases. Parties in the criminal and the civil courts should be ready to try their cases promptly." Every man is held to know the law. This November term of court was a regular term. The position of this case was the first on the docket. Counsel on both sides had fixed Thursday morning as the time for the trial of this cause. Yet, when the case was called, the plaintiff is not there. Delay is had till the afternoon session of the court. Still he is absent. On Friday morning it is called for trial, and still the plaintiff is absent. The circuit judge grants a nonsuit, refusing to continue any longer. Was this error? From the earliest adjudications to the present time, this matter is wisely left to the discretion of the circuit judge. *Hort v. Jones,* 2 Bay, 440; *Sheppard v. Lark,* 2 Bailey, 576; *Hunter v. Glenn,* 1 Bailey, at 544; *Cook v. Cottrell,* 4 Strob. at 62; *Chalk v. McAlily,* 11 Rich. Law, 153; *State v. Atkinson,* 33 S.C. at 106, 11 S.E. 693; and many other cases, concluding with *Heyward v. Middleton,* 65 S.C. 493, 43 S.E. 956. We can see nothing in the conduct of the circuit judge in this matter which was erroneous.

68 S.C. at 296–97, 47 S.E. at 374–75.

*Duncan v. Duncan,* 131 S.C. 238, 126 S.E. 763 (1925), involved an action for breach of contract to cut and remove timber. "On the call of the cause for trial, plaintiff stated that he did not desire a jury trial and moved the court to hear the case without a jury." 131 S.C. at 240, 126 S.E. at 763. The defendant insisted on a jury trial, and the court decided to take testimony before a jury, noting that if only equitable issues were involved, "the case would be withdrawn from the jury and decided by the court[.]" 131 S.C. at 240, 126 S.E. at 763. The plaintiff, however, refused to participate in the case. The defense moved for a nonsuit. The motion was granted, and the supreme court affirmed.

A circuit judge has the right to direct how a case shall be tried. If he is wrong in the mode of this trial, this court will correct on appeal. When the appellant refused to proceed with the trial when ordered by the court, nonsuit was

proper. *Cusack v. Southern R. R.*, 116 S.C. 143, 107 S.E. 30.

131 S.C. at 241, 126 S.E. at 763.

In *Small v. Mungo*, 254 S.C. 438, 175 S.E.2d 802 (1970), Small's case was called to trial at 10:00 a.m.

Neither plaintiff nor his counsel was present at that time, but defendant's counsel was present and announced that defendant was ready for trial. Plaintiff's counsel, who was in Pageland, South Carolina about twenty miles away, was called by the Clerk of Court, at the direction of the trial judge, and told that the court was ready to proceed with the case. In response, counsel for plaintiff requested the clerk to inform the court that it would be impossible for him to contact plaintiff and his witnesses and be ready for trial before 2 P.M. on that date. Upon being so informed, the trial judge, at 10:50 A.M., on the same day, upon defendant's motion, dismissed the action with prejudice for failure of plaintiff or his counsel to appear and prosecute the action when it was reached for trial. Subsequently, plaintiff moved, during the term of court, to vacate the order of dismissal upon the ground that his failure to appear for trial was not due to unreasonable neglect on his part or that of his counsel. The motion was denied on November 10, 1969 and this appeal by plaintiff followed.

*Id.* at 441, 175 S.E.2d at 803.

The *Small* court observed: "it is within the inherent power of the court to dismiss an action for failure to prosecute[.]" *Id.* at 442, 175 S.E.2d at 803. The case was additionally governed by section 10–1502 of the 1962 code, which the *Small* court stated, "provides that the court may dismiss the complaint in a pending action 'with costs in favor of one or more defendants, in case of unreasonable neglect on the part of the plaintiff * * * to proceed in the cause against the defendant or defendants served.'" 254 S.C. at 442, 175 S.E.2d at 804. The court explained,

A broad discretion must be allowed the trial judge in arranging and calling the cases for trial and only in cases of manifest injustice will this court interfere. It is of course contemplated that the above rule will be reasonably applied

so as to accomplish its purpose of expediting the orderly disposition of litigation on the merits.

254 S.C. at 442–43, 175 S.E.2d at 804. The court noted:

Under these circumstances, the failure of plaintiff and his counsel to appear when the case was called for trial constituted a failure to proceed with the cause under s 10–1502, supra, and a ground for dismissal of the action if such failure to appear was due to unreasonable neglect.

Counsel for plaintiff was apparently in his office and the plaintiff and his witnesses were at their work when the case was called for trial. The court notified counsel through the clerk of court that the case had been reached on the trial roster. The only response made by counsel at that time to such notice was to inform the court through the clerk that he could not appear before 2 P.M., several hours later. We find no abuse of discretion in the dismissal of the action under the facts. Unreasonable neglect is inferable.

254 S.C. at 443, 175 S.E.2d at 804.

However, the court made a significant modification to the trial court's order:

**While we sustain the order of the trial judge in so far as it dismisses the action, the dismissal with prejudice was improper. An order of dismissal for failure to proceed with the suit is in the nature of a discontinuance of the action and is not an adjudication of the merits. Ordinarily, it does not put an end to the cause of action, but merely terminates the suit itself. An order of dismissal with prejudice under the present facts was not justified. The judgment of the lower court is accordingly modified so that its effect is to dismiss the action without prejudice; and is affirmed as modified.**

254 S.C. at 443–44, 175 S.E.2d at 804 (emphasis added).

In *Don Shevey Spires, Inc. v. American Motors Realty Corp.*, 279 S.C. 58, 301 S.E.2d 757 (1983), the appellant's case was dismissed without prejudice for failure to prosecute. However, the statute of limitations had run. Thus, the appellant could not reinstitute the action. After serving the Summons, appellant neglected to file the document for fifteen months. "Appellant not only failed to timely file the Summons, it also failed to otherwise timely prosecute the case.

Appellant took no action between August 1976 and March 1978, when a Complaint was finally served twenty months after service of the Summons." *Id.* at 60, 301 S.E.2d at 758. The supreme court affirmed: "The plaintiff has the burden of prosecuting his action, and the trial court may properly dismiss an action for plaintiff's unreasonable neglect in proceeding with his cause. *Thomas Howard Company v. Fowler, et al.,* 238 S.C. 46, 119 S.E.2d 97 (1961); *Small v. Mungo,* 254 S.C. 438, 175 S.E.2d 802 (1970)." 279 S.C. at 60, 301 S.E.2d at 758.

Our supreme court has noted, "A dismissal of a case 'without prejudice means that the plaintiff can reassert the same cause(s) of action by curing the defects that led to dismissal. By contrast, dismissals with prejudice are intended to bar relitigation of the same claim.'" *Collins v. Sigmon,* 299 S.C. 464, 467, 385 S.E.2d 835, 837 (1989). Nonetheless, the statute of limitations will bar another action after an involuntary dismissal without prejudice if the statutory limitations period has expired at the time the action is refiled. *See Davis v. Lunceford,* 287 S.C. 242, 335 S.E.2d 798 (1985); *cf. Mende v. Conway Hospital, Inc.,* 304 S.C. 313, 404 S.E.2d 33 (1991) (recognizing the ruling in *Davis,* but finding the statute of limitations defense had been waived).

Joyner obtained a jury verdict of $2,500 against each of the two defendants in magistrate's court in *Joyner v. Glimcher Properties,* 356 S.C. 460, 589 S.E.2d 762 (Ct.App.2002). Glimcher appealed to the circuit court, but the magistrate did not file a return within thirty days as required by Rule 75, SCRCP. Joyner filed a motion to dismiss for failure to prosecute, and the circuit court granted the motion. The court of appeals affirmed, finding that when no return is filed, "the appellant from the magistrate's court must act with due diligence and seek a writ of mandamus if necessary to compel the return." 356 S.C. at 463, 589 S.E.2d at 763 (footnote omitted).

Based on the foregoing review, I find the trial judge's dismissal of the case *sub judice* was within the proper ambit of his discretion.

First, it is not significant that McComas's attorney was present in court, or that McComas was on her way to the courthouse when the judge granted the defendant's motion.

*Bond* makes clear that dismissal for failure to prosecute may be proper even when (1) the plaintiff's attorney makes an appearance in court, and (2) the plaintiff is currently in route to the courthouse. Trial judges are forced to make real-time decisions on the administration of cases. The authority to dismiss a case for failure to prosecute "is necessary if the courts are to control and efficiently manage an ever-expanding docket." *Don Shevey & Spires, Inc. v. American Motors Realty Corp.*, 279 S.C. at 60, 301 S.E.2d at 758 (1983); *see also Crestwood Golf Club, Inc. v. Potter*, 328 S.C. 201, 211–12, 493 S.E.2d 826, 832 (1997) (" 'Provision is made in federal and state statutes or rules of practice for dismissal of civil actions for failure of prosecution by the plaintiff. . . . Such power is deemed to be necessarily vested in trial courts to manage their own affairs so as to achieve orderly and expeditions disposition of cases.") (quoting 24 Am.Jur.2d *Dismissal, Discontinuance, and Nonsuit* 48 (1983)). The judge had no way of knowing when or if McComas would appear. I find no abuse of discretion.

McComas emphasizes the fact that she had engaged in discovery and had not been dilatory with respect to this case prior to her failure to make a timely appearance. However, *Joyner* demonstrates a singular instance of nonfeasance may be sufficient ground for dismissal for failure to prosecute. *See Joyner*, 356 S.C. 460, 589 S.E.2d 762 (affirming the trial court's dismissal for failure to prosecute where the appellant failed to seek a writ of mandamus compelling the magistrate court to file a return).

McComas attempts to distinguish the instant case from *Small* on the basis that here there was no showing of unreasonable neglect. Ross contends that a showing of unreasonable neglect is not necessary for dismissal under Rule 41(b). Further, Ross maintains that even were a showing of unreasonable neglect required, the requisite neglect is inferable by McComas's failure to show—as was the case in *Small.*

*Small* was decided under former code section 10–1502 of the 1962 Code of Laws. That section expressly provided for dismissal "in case of unreasonable neglect on the part of the plaintiff . . . to proceed in the cause against the defendant or defendants served." The South Carolina Rules of Civil Procedure were promulgated in 1985. *See McLain v. Ingram*, 314

S.C. 359, 360, 444 S.E.2d 512, 512 (1994) ("The adoption of the SCRCP in 1985 heralded a new era in South Carolina's civil practice, modernizing and streamlining our system."). Rule 41(b), SCRCP, does not specifically require a finding of unreasonable neglect. *Don Shevey Spires, Inc. v. American Motors Realty Corp.*, 279 S.C. 58, 60, 301 S.E.2d 757, 758 notes that "the trial court may properly dismiss an action for plaintiff's unreasonable neglect in proceeding with his cause." However, *Shevey* was decided in 1983—after the repeal of the 1962 Code, but prior to adoption of the Rules. *Joyner v. Glimcher Properties*, 356 S.C. 460, 589 S.E.2d 762, which was decided in 2002—after promulgation of Rule 41(b)—does not mention the unreasonable neglect requirement.

Regardless whether the unreasonable neglect language applies to dismissals for failure to prosecute, I would rule that McComas's unreasonable neglect is inferable in this case. The *Small* court professed:

> Counsel for plaintiff was apparently in his office and the plaintiff and his witnesses were at their work when the case was called for trial. The court notified counsel through the clerk of court that the case had been reached on the trial roster. The only response made by counsel at that time to such notice was to inform the court through the clerk that he could not appear before 2 P.M., several hours later. We find no abuse of discretion in the dismissal of the action under the facts. Unreasonable neglect is inferable.

254 S.C. at 443, 175 S.E.2d at 804.

Rule 40(b) lucidly instructs that once placed on the jury trial roster, a case is subject to call. Here, counsel was informed at approximately 11:00 a.m. that the case would be called to trial. McComas failed to present herself over five and one-quarter hours later. She left her house with no means by which her counsel could contact her. Once she learned of her trial, she apparently did not know the location of the courthouse. Thus, she neglected (1) to keep open a means of communication with her attorney, and (2) to avail herself of the courthouse's whereabouts. Under these facts, unreasonable neglect is inferable.

Although McComas's counsel did call several witnesses prior to dismissal, McComas ultimately failed to prosecute her case. There was absolutely no evidence regarding damages

presented at trial. Therefore, had McComas's attorney rested the plaintiff's case, a verdict would have been directed in favor of Ross for failure to present any evidence on damages. However, McComas did not rest her case. Rather, the trial judge instructed McComas to call her next witness, and the plaintiff could not proceed: she failed to prosecute. Under South Carolina precedent, the trial judge had the discretion to dismiss her case at that time.

The majority opinion essentially declares a court must wait for the plaintiff—the plaintiff need not trouble herself to wait for the court. This decision undermines the utility of Rule 40 and the ability of a circuit judge to effectively administer court. The unfortunate result will be the needless waste of time and state and county resources. I **VOTE** to **AFFIRM.**