**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jeffrey H. Anders and Maureen Anders, Michael K. Callahan and Amy Callahan, Melinda A. Caviccia, Michael B. Ciulis, Stephen Kipa, Chad Kurtz, Spencer L. Morgan, Richard O'Reilly and Alicia F. O'Reilly, Daniel Ryan and Susan Ryan, Gennady Shmukler, Michael Schmuff and Joanne Schmuff, and Matthew Terry, Kathryn M. Tillman, Valerie A. Lowe, Tacg Properties, LLC, Mackay Marsh, LLC, Plaintiffs,

Of whom Spencer L. Morgan is the Appellant,

v.

The Settings of Mackay Point, LLC, The Setting Development Companies, LLC, Branch Banking & Trust Co., Wachovia Bank, N.A., Bond Safeguard Insurance Company, and Jasper County, Defendants,

Of which Wachovia Bank, N.A. is the Respondent.

Appellate Case No. 2013-001629

———————

Appeal From Jasper County
Carmen T. Mullen, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-434
Heard December 10, 2014 – Filed August 19, 2015

———————

**AFFIRMED**

---

Robert Wade Maring, of Maring Law Firm, P.A., of
Georgetown, for Appellant.

Shelton Sterling Laney III, of Womble Carlyle Sandridge
& Rice, LLP, of Greenville, and Matthew Todd Carroll,
of Womble Carlyle Sandridge & Rice, LLP, of
Columbia, both for Respondent.

---

**PER CURIAM:** Spencer L. Morgan (Morgan) seeks review of the circuit court's dismissal of his case pursuant to Rule 41(b) of the South Carolina Rules of Civil Procedure. Morgan argues the circuit court abused its discretion by (1) denying his motion for a continuance and (2) dismissing his claims for failure to prosecute. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in denying Morgan's motion for a continuance: Rule 40(i)(1), SCRCP (providing that the court may grant a continuance for "good and sufficient cause"); *Crestwood Golf Club, Inc. v. Potter*, 328 S.C. 201, 212, 493 S.E.2d 826, 832 (1997) (explaining "power is deemed to be necessarily vested in [circuit] courts [in order for them] to manage their own affairs so as to achieve orderly and expeditious disposition of cases" (citation omitted)); *State v. Colden*, 372 S.C. 428, 435, 641 S.E.2d 912, 916 (Ct. App. 2007) ("The granting of a motion for a continuance is within the sound discretion of the [circuit] court and will not be disturbed absent a clear showing of an abuse of discretion. Reversals for the denial of a continuance' are about as rare as the proverbial hens' teeth.'" (citations omitted)).

2. As to whether the circuit court erred in dismissing Morgan's claims for failure to prosecute: Rule 41(b), SCRCP ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."); *McComas v. Ross*, 368 S.C. 59, 62, 626 S.E.2d 902, 904 (Ct. App. 2006) ("Whether an action should be dismissed for failure to prosecute is left to the discretion of the [circuit] court judge, and his decision will not be disturbed, except upon a clear showing of an abuse of discretion." (citing *Small v. Mungo*, 254 S.C. 438, 442, 175 S.E.2d 802, 804 (1970))).

**AFFIRMED.**

**WILLIAMS, GEATHERS, and MCDONALD, JJ., concur.**