**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stone International, LLC and Eugene E. Stone, IV,
Appellants,

v.

Byte Software, LLC; Byte Software Services, LLC; Benjamin Gause; Janice Gause, f/k/a Janice Archer, f/k/a Janice Barnett; Carolina First Bank; Branch Banking and Trust Company; Greg Corbitt; Contemporary Solutions-USA, Inc.; International Modapts Association, Inc.; and South Carolina Department of Employment and Workforce, Defendants,

Of which Byte Software, LLC, Byte Software Services, LLC, Benjamin Gause, and Janice Gause are the Respondents.

Appellate Case No. 2019-000601

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2022-UP-077
Submitted January 1, 2022 – Filed February 16, 2022

**AFFIRMED**

Jacob Michael Hughes, of Svalina Law Firm, PA, of

Beaufort, for Appellants.

Randall Scott Hiller, of Greenville, for Respondents.

---

**PER CURIAM:** Stone International, LLC and Eugene E. Stone, IV (collectively, Stone) appeal the circuit court's dismissal of its action against Byte Software, LLC; Byte Software Services, LLC; Benjamin Gause; and Janice Gause (collectively, Respondents). On appeal, Stone argues (1) the circuit court abused its discretion in dismissing Stone's action for failure to prosecute pursuant to Rule 41(b), SCRCP, and (2) Respondents incorrectly cited Rules 55 and 60, SCRCP, as the sole basis for their motion to modify or amend the order of dismissal. We affirm.

1. We find the circuit court did not abuse its discretion in dismissing Stone's action for failure to prosecute pursuant to Rule 41(b). *See Small v. Mungo*, 254 S.C. 438, 442, 175 S.E.2d 802, 804 (1970) ("The question of whether an action should be dismissed . . . for failure to [prosecute] is left to the discretion of the circuit [court] and [its] decision will not be disturbed except upon a clear showing of an abuse of such discretion."); *Historic Charleston Holdings, LLC v. Mallon*, 381 S.C. 417, 434, 673 S.E.2d 448, 457 (2009) ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support."); Rule 41(b) ("For failure of the plaintiff to prosecute . . . , a defendant may move for dismissal of an action or of any claim against him."). The circuit court properly granted Respondents' motion to dismiss based on the factors in *McComas v. Ross*. *See* 368 S.C. 59, 63, 626 S.E.2d 902, 904 (Ct. App. 2006) ("[T]he [circuit] court must consider four factors before dismissing a case for failure to prosecute: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal."). First, Stone took no action on this matter between July 13, 2012, and April 6, 2017, in part because it failed to communicate and cooperate with its counsel. Second, the delay in prosecuting this matter caused Respondents prejudice due to the loss of potentially relevant evidence. Third, Stone proceeded with this action in a dilatory fashion by failing to request a trial date and failing to take any action in the case for almost five years. Fourth, no less drastic sanction would be effective in remedying the prejudice to Respondents because potentially relevant evidence was destroyed during the delay.

2. We find the circuit court did not err in granting Respondents' motion to alter or

amend the order of dismissal.  Although Respondents incorrectly cited Rules 55 and 60, SCRCP, in their motion to alter or amend, this error did not affect Stone's substantial rights because the caption of the motion, the relief requested within the motion, and Stone's memorandum in opposition to the motion showed Stone had notice of the requested relief.  *See* Rule 55(c), SCRCP (permitting a party to move to set aside an entry of default); Rule 60, SCRCP (setting the procedures for seeking relief from a final judgment or order); Rule 52(b), SCRCP (allowing a court to "amend its findings or make additional findings and [] amend the judgment accordingly"); Rule 59(e), SCRCP (stating the court may grant a "Motion to Alter or Amend a Judgment"); *Standard Fed. Sav. & Loan Ass'n v. Mungo*, 306 S.C. 22, 26, 410 S.E.2d 18, 20 (Ct. App. 1991) (explaining that it is the substance of the relief sought that matters regardless of the form in which the request for relief was framed); *Camp v. Camp*, 386 S.C. 571, 575, 689 S.E.2d 634, 636 (2010) (finding that prejudice is reduced to the parties "[b]y requiring notice to . . . the opposing party of the basis for the motion" (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999))).  Accordingly, the circuit court did not err in modifying its order.

**AFFIRMED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.